HARRIETTE FUSS, APPELLEE, v. GENE WILLIAMSON, APPELLANT.

69 N. W. 2d 539

Filed April 8, 1955. No. 33530.

*Baylor, Evnen & Baylor,* for appellant.

*Edwin F. Dosek* and *Davis, Healey, Davies & Wilson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

In his motion for rehearing appellant calls our attention to the fact that in the court below he obtained a verdict and therefore, as far as any issue of contributory negligence is concerned, is entitled to have the evidence adduced considered by this court in the following manner: " 'In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every

controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom.' (Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.)" Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501. With this we agree.

In view of the foregoing he then contends we were in error in our former opinion in holding as follows: "In 'i' of instruction No. 1, the court instructed the jury as follows: 'She failed to give any warning that the right of way would not be yielded to the defendant or of her intention to drive into the path of and against the automobile of the defendant.'

"It is the contention of the plaintiff that she was under no duty to give a warning to the defendant that she was not yielding the right-of-way to him or that she was intending to drive south on Eleventh Street, for the reason that she was driving in a direct course south thereon, or was in such a position as to negotiate the turn to the south on Eleventh Street when the defendant first saw her when he stopped at the north side of the intersection of Eleventh and O Streets. She had no duty to observe to her rear that the defendant was crossing the intersection. The defendant was behind her, and she would be to the right of the defendant in the favored position. The plaintiff's car was not proceeding at such a speed that would require her to forfeit the right-of-way. We believe the giving of the above constituted prejudicial error."

On cross-examination appellee testified that when she stopped her car in the intersection, because of pedestrians passing over Eleventh Street on the cross walk, that her car had not entered the west traveling lane of Eleventh Street but had stopped short thereof, and that when the lights turned green so she could turn right onto Eleventh Street, she did so and entered into the west driving lane of Eleventh Street without looking to the north or left. She admits that if she had looked to the north she would

have seen appellant's car and would have waited for it to go by. She says she did not look to her left, or north, because a policeman directing traffic at the intersection motioned her to go ahead and, when he did so, she relied entirely on his directions and did not either look ·or give any signal when she started ahead and entered the west lane for traffic on Eleventh Street.

Appellant testified he stopped north of O Street to wait for the signal to turn green so he could go ahead; that his car was in the west or outer lane for traffic and the second car in that lane; that there were also cars stopped in the inner lane; that when the signal changed to green the cars in both lanes started ahead and he followed the car immediately ahead of him; that the cars in both lanes traveled south on Eleventh Street across the intersection; that he saw appellee's car stopped in the intersection; that it was stopped so the front had not entered the west traveling lane of Eleventh Street; that the car ahead of him proceeded south in the west traveling lane, passing in front of appellee's car; that he did the same, appellee not having started to drive her car forward as he proceeded past it; and that after he had passed it she started it forward and drove it into the rear of his car.

Appellant also produced competent and relevant evidence to the effect that there was no policeman on duty directing traffic at the time the accident occurred.

Under this situation of fact a jury could find appellee drove forward into the west traffic lane of Eleventh Street without looking for approaching traffic from the left or signaling any cars approaching from that direction of her intention to do so, and that her failure to do so was not because of any direction from a policeman directing traffic.

To this factual situation the following principles have application:

"A motor vehicle having started to cross an intersecting street in accordance with the signal light is ordi-

narily entitled to complete the crossing notwithstanding a change in lights." Laurinat v. Giery, 157 Neb. 681, 61 N. W. 2d 251. See, also, Styskal v. Brickey, 158 Neb. 208, 62 N. W. 2d 854.

"The proper rule is that when a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger." Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.

"A person entering a street intersection with a traffic light in his favor is under an obligation to use due care * * *." Laurinat v. Giery, *supra*.

"It should be understood that even though the driver of a motor vehicle has the right-of-way he must always use ordinary care and prudence to avoid an accident. Caryl v. Baltimore Transit Co., 190 Md. 162, 58 A. 2d 239; Byrne v. Schultz, 306 Pa. 427, 160 A. 125. In regard to this it is stated in Byrne v. Schultz, supra: 'The signal to cross is not a "command to go, but a qualified permission," and the qualification is "to proceed lawfully and carefully," as a prudent man would under the circumstances, which certainly requires looking to the right and left before entering upon the intersecting street.' " Styskal v. Brickey, *supra*.

While appellant was under a duty to let both cars and pedestrians, rightfully in the intersection, get clear thereof before he proceeded into and across it on the green light, however, appellee was also under a duty not to enter a lane of traffic on Eleventh Street without looking to see if it was safe for her to do so and then, if she thought she could safely do so, give a signal to that effect to approaching cars, if any, in that lane.

We were in error in saying the evidence did not justify the court's submission of specification "i", or that appellee was, under the foregoing situation, not required to maintain a lookout.

However, in view of our discussion in the opinion of specification "a" and, under the evidence adduced, the

erroneous submission of other charges of contributory negligence, including "b", "d", and "f", we conclude the trial court was not in error in granting appellee a new trial. Therefore our affirmance of its action in doing so is adhered to and appellant's motion for rehearing is accordingly denied.

MOTION FOR REHEARING OVERRULED.