GEORGE D. WENDEL, APPELLANT, v. MELVIN CARLSON, APPELLEE.

77 N. W. 2d 212

Filed June 1, 1956. No. 33972.

*Mark J. Ryan* and *Verzani & Verzani,* for appellant.

*Deutsch & Jewell* and *C. M. Kingsbury*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, George D. Wendel, brought this action against defendant, Melvin Carlson, seeking to recover damages for personal injuries alleged to have been proximately caused by negligence of defendant when a Ford truck driven by defendant from the west and a borrowed Chevrolet car driven by plaintiff from the south, collided at an intersection of county roads. Defendant traversed the allegations of plaintiff's petition by answer and cross-petition, denying generally and alleging that while driving at a lawful speed, defendant entered the intersection first and had traveled almost the entire width thereof on his right side when plaintiff negligently drove his car into the intersection against defendant's truck, proximately causing damages thereto and personal injuries to defendant. Defendant prayed for dismissal of plaintiff's action and judgment for damages.

Upon trial to a jury, and at conclusion of plaintiff's evidence, defendant moved for a directed verdict in favor of defendant and against plaintiff on his petition, upon the grounds that the evidence was insufficient to sustain a verdict for plaintiff, and that plaintiff was guilty of more than slight negligence directly and proximately contributing to the accident, which as a matter of law precluded his recovery. Thereupon the trial court sustained defendant's motion to direct a verdict, which found in favor of defendant and against plaintiff on his petition and against defendant on his cross-petition. Judgment was rendered accordingly. Thereafter, plaintiff's motion for new trial was overruled and he appealed, assigning in effect that the verdict and judgment in favor of defendant were contrary to the evidence and law. We conclude that the assignment should not be sustained.

Summarized, the material and relevant evidence adduced in plaintiff's behalf was as follows: The accident occurred about 7 a. m., November 4, 1954. It was a clear morning with the sun just coming up. The graded and graveled road, running north and south, was 22 feet wide from shoulder to shoulder. The road running east and west was 20 feet wide from shoulder to shoulder and graveled up to a short distance east of the intersection. From an examination of skid marks and glass on the graveled intersection, it appeared that the collision occurred on the east line of the north and south road about 10 feet south of the north line of the east and west road. At that point, which was evidently in the east central portion of the intersection, the right front corner of defendant's truck collided with the left front wheel of plaintiff's car with damage continuing back to the left front door. After the collision, both the truck and car stopped, headed north. Defendant's truck was lying on its right side in the east ditch, and plaintiff's car still stood upright on its four wheels, 4 or 5 feet east of the truck where plaintiff's car had pushed over the corner brace fence post at the northeast corner of the intersection.

As plaintiff approached the intersection with which he was very familiar, he was driving from the south toward the north on the right side of the road at a speed of between 30 and 35 miles an hour. Admittedly, plaintiff had a clear view and could have seen any cars approaching the intersection from either his right or left for about a quarter of a mile. However, he first testified that as he approached the intersection he looked right and straight ahead, maybe a little bit to the left, but he later positively testified that he only looked to his right and never looked to his left at any time. Plaintiff admitted that if he had looked, he could have seen defendant's truck approaching from his left and avoided the collision, but plaintiff never looked in that direction and never did see defendant's truck. Further,

plaintiff only remembered just going over to the intersection. He did not remember entering the intersection, and did not even see the impact or know in what part of the intersection the collision occurred.

In the light of such evidence, the question for determination is whether or not plaintiff was guilty of contributory negligence more than slight as a matter of law which barred his recovery. We conclude that he was. Authorities relied upon by plaintiff are clearly distinguishable both upon the facts and applicable controlling rules of law. To discuss them at length here would serve no useful purpose.

In that regard, it is elementary that if contributory negligence is relied upon by defendant as an affirmative defense, the burden is upon him to prove it by a preponderance of the evidence pertinent to that issue, and such burden does not shift during the trial of the case. However, if the evidence adduced by plaintiff tends to prove that issue, defendant is entitled to the benefit thereof.

In Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491, this court held: "A motion for directed verdict or its equivalent must, for purpose of decision thereon, be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence.

"The driver of an automobile entering an intersection of two streets or highways is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger.

"A motorist entering an intersection from the right is in a favored position and has the right-of-way, other things being equal, but such fact does not do away with the duty of the driver of the favored car to exercise ordinary care to avoid an accident.

"The failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking he could see and avoid the collision that resulted, is more than slight negligence, as a matter of law, and defeats recovery." See, also, Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885; Parsons v. Cooperman, 161 Neb. 292, 73 N. W. 2d 235. Such rules are applicable and controlling here.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiff.

AFFIRMED.