MARY E. FAIRCHILD, APPELLEE, v. HAROLD G. SORENSON ET AL., APPELLANTS.

87 N. W. 2d 235

Filed December 27, 1957. No. 34203.

*John E. Dougherty,* for appellants.

*George A. Skultety* and *Robert V. Denney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Mary E. Fairchild, plaintiff and appellee, for personal injuries, against Harold G. Sorenson and Geraldine Morgan, defendants and appellants. The action was tried to a jury at the conclusion of which a verdict was returned in favor of plaintiff and against the defendants for $12,500. Judgment was rendered on the verdict. Separate motions for judgment notwithstanding the verdict or for a new trial were filed which were overruled. From the judgment and the order overruling the motions the defendants have appealed.

The basis of the action as substantially alleged in the petition to the extent necessary to state it for the purpose of the appeal is that on May 30, 1955, the plaintiff was a guest passenger in an automobile owned and operated by Herman E. Fairchild, her husband; that while she was such passenger she and her husband proceeded eastward on a public highway in Jefferson County, Nebraska, known as the Pawnee-Wymore-Fairbury highway; that they approached the intersection of the Pawnee-Wymore-Fairbury highway with another highway known as State Highway No. 103 which extends north and south; that Herman E. Fairchild stopped or slowed down at the stop sign on the west side of the intersection and then proceeded to about the center or east half of the intersection when his automobile was struck on the right side just in front of the rear wheel by an automobile driven by the defendant Sorenson and owned by the defendant Morgan; that the defendant Morgan was an occupant of the automobile; and that as a result of the collision the plaintiff was injured and damaged.

It was alleged that the collision came about by reason of the negligent operation of the automobile by the defendant Sorenson. It was alleged that the negligence

of Sorenson was attributable to the defendant Morgan, by reason of the fact that she was the owner of the automobile and that she knew or should have known of the careless and reckless propensity of Sorenson in driving automobiles, but notwithstanding this knowledge she permitted him to drive her automobile. The negligence of the defendants is set forth with particularity but a repetition of the particulars is not deemed necessary.

By answer the defendants denied any negligence on their part. They alleged that the collision was proximately caused by the negligence of Herman E. Fairchild. They further alleged that the plaintiff was guilty of negligence in a degree more than slight which contributed to the causing of the collision and her injuries and damage.

At the close of the evidence the defendants moved for a directed verdict on various grounds. The motions were overruled in their entirety. Substantially one of the grounds was that the evidence disclosed that the plaintiff was guilty of contributory negligence in a degree which prohibited a recovery against the defendants or either of them. This contention was renewed in the motions for new trial and for judgment notwithstanding the verdict to which attention has been directed. This has been made the basis of an assignment of error.

This assignment of error will be considered first herein. If the determination upon it is favorable to the defendants the other assignments of error require no consideration in this opinion. This determination must be made agreeable to the following rule: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757. See, also, Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501; Fuss v. Williamson, on motion for rehear-

ing, 160 Neb. 141, 69 N. W. 2d 539; Pospichal v. Wiley, 163 Neb. 236, 79 N. W. 2d 275.

The facts which are essential to a determination of whether or not the defendants were entitled to a directed verdict at the close of the evidence are not in dispute. The plaintiff herself gave no information as to any incident or incidents having immediate connection with the collision. The location of the collision was several miles from Fairbury. The plaintiff and her husband drove from Fairbury to this location. She testified that she did not remember anything after they left Fairbury.

Herman E. Fairchild testified as a witness for plaintiff. He described his approach and entry from the west into the intersection. He testified substantially that he was familiar with the intersection; that Highway No. 103 was protected by stop signs with which he was familiar; that back to the west of the stop sign was a warning sign which he saw; that he operated his automobile up to the stop sign where he stopped; that he proceeded to the west line of Highway No. 103 where he stopped; that he proceeded into the intersection at a speed of 10 or 12 miles an hour and after he had proceeded into about the middle his automobile was struck on the right rear by the automobile operated by the defendant Sorenson; that the view south on Highway No. 103 was unobstructed for as much as 500 feet; and that he never at any time observed the automobile in which the defendants approached the intersection. There is no evidence by this witness or any other that the automobile in which the defendants were riding was being operated at any time in excess of 55 miles an hour or that it was being operated in an unlawful position on the highway. There was no evidence from which a reasonable inference could flow that the defendants had notice of danger in entering the intersection at the rate of speed and the manner in which their automobile was being operated as it approached the intersection until Herman E. Fairchild drove his automobile into it. There was no

evidence of other vehicles on the highway in or adjacent to the intersection except the two involved and one other which was stopped back of the stop sign on the east side of the intersection. The only direct evidence or evidence from which a reasonable inference could be drawn of the location of the automobile of the defendants when Herman E. Fairchild drove into the intersection was given by the defendants and one other witness. Their testimony was that it was a maximum of 75 feet south. An exclusive inference is to be drawn from the testimony of Herman E. Fairchild that he stopped before entering the intersection and thereafter entered without looking, or having looked he failed to see that which in the exercise of ordinary care he should have seen.

Under this state of facts it must be said that Herman E. Fairchild was guilty of contributory negligence, assuming that the defendants or either of them was guilty of negligence, which as a matter of law would defeat a recovery in his favor. "The failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence, as a matter of law, and defeats recovery." Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491. See, also, Wendel v. Carlson, 162 Neb. 742, 77 N. W. 2d 212; Barajas v. Parker, *ante* p. 444, 85 N. W. 2d 894.

In Barajas v. Parker, *supra,* it was said: "It is the duty of the driver of an automobile on approaching an intersection to look for other automobiles approaching and to see those within the radius which denotes the limit of danger." See, also, Wendel v. Carlson, *supra.*

The defendants in this case had the right-of-way under the law. "A driver of a vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions, and permit all vehicles to pass which are at such a distance and traveling at such a speed that it

would be obviously dangerous for him to proceed across the intersection." Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643. See, also, Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751.

Thus it becomes clear that Herman E. Fairchild was guilty of negligence more than slight as a matter of law. The question then arises, was the plaintiff under the facts and circumstances guilty of contributory negligence which defeats a recovery in her favor?

The court has held that the negligence of a husband while driving an automobile is not attributable to the wife, but her own acts or failure to act under certain circumstances may be treated as negligence. In Murphy v. Shibiya, 125 Neb. 487, 250 N. W. 746, it was said: "The negligence of a husband while driving his automobile with his wife as his guest may not be imputable to her, but she may be responsible for the consequences of her own negligence in failing to warn him of known approaching danger and to protest for her own safety against his recklessness." See, also, Whitney v. Penrod, 149 Neb. 636, 32 N. W. 2d 131.

It is the duty of a guest in an automobile driven by another to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances, and for failure so to do he is guilty of contributory negligence. See, Gleason v. Baack, 137 Neb. 272, 289 N. W. 349; Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610; Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178; Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228.

Under these rules it may well be said that the plaintiff had the right to assume that her husband would take the necessary precautions to avoid known danger or danger which in the exercise of ordinary care should have been known, and if she had so assumed and acted upon the assumption in probability she would not have been guilty of contributory negligence. In this respect however she failed.

Herman E. Fairchild testified that as he came up to

the stop sign on the west side of Highway No. 103 he saw an automobile stopped at the stop sign on the east side. It is evident that the plaintiff also saw the automobile to the east. When she saw the automobile to the east, according to the undisputed evidence, she directed her husband to drive his automobile into the intersection in face of the danger presented by the approach of the automobile occupied by the defendants. Herman E. Fairchild testified as follows: "Well, she said the car on the other side is stopping. You can go on." He further testified that he started across the intersection and was struck as he got past the center or about the center of the intersection.

Obviously at the time that Herman E. Fairchild proceeded to move into the intersection pursuant to the direction of the plaintiff the automobile occupied by the defendants was in plain view and in the exercise of ordinary care could have been seen by the plaintiff as well as her husband. The minimum open distance to the south was 500 feet. It was probably much farther, but for the purpose of this opinion the distance of 500 feet will be accepted, since it presents the view most favorable to the plaintiff.

In Whitney v. Penrod, *supra,* this court said: "To be guilty of contributory negligence as a matter of law, the law requires that if the guest knew, or in the exercise of ordinary care would have known, of the danger threatened and that the driver was remiss in guarding against it, and the guest failed to warn the driver with reference thereto, the guest cannot recover." This pronouncement was made in a case presented under the law of Missouri where contributory negligence of a plaintiff in any degree prohibits a recovery, whereas in this jurisdiction slight negligence does not defeat a recovery if by comparison the negligence of the defendant was gross. § 25-1151, R. R. S. 1943.

Attention has not been called to any case in exact parallel with this one point of fact, but in reason and in

application of the principles of the cases cited herein it cannot well be said that the plaintiff was not guilty of contributory negligence more than slight as a matter of law in directing her husband to drive into the intersection in the light of the danger which in the exercise of ordinary care she could and would have observed.

In the case of Murphy v. Shibiya, *supra*, it is pointed out that where there is a duty in the exercise of ordinary care on the part of a guest passenger in an automobile under the circumstances to look but there has been a failure so to do, and a collision between two automobiles comes about in consequence of such failure coupled with negligence of the driver of the other automobile, such guest is guilty of contributory negligence more than slight as a matter of law, in consequence of which a recovery of damages may not be sustained against the driver of the other automobile.

It becomes necessary therefore to say that at the close of the evidence the defendants were entitled to have a verdict directed in their favor. This determination renders unnecessary a consideration of the other assignments of error.

The judgment of the district court is reversed and the cause is remanded with directions to render judgment notwithstanding the verdict in favor of the defendants and against the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.