GARY L. VAN OSTRAND, APPELLANT, V. MELVIN L. BECCARD, APPELLEE.

196 N. W. 2d 385

Filed April 14, 1972. No. 38187.

Herbert J. Friedman, for appellant.

Michael W. Brown of Healey, Healey, Brown & Burchard, for appellee.

Heard before WHITE, 'C. J., SPENCER, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

PER CURIAM.

A negligence claim by Gary L. Van Ostrand against Melvin L. Beccard resulted from a collision between crossing automobiles in a controlled urban intersection. A jury returned a verdict for Beccard. Van Ostrand appeals. He asserts that no reasonable man could fail to find for him on issues of liability.

The intersection, located in Lincoln, was formed by Forty-fifth Street for north-south traffic and Vine Street for east-west traffic. Stop signs on both sides of Forty-fifth Street protected motorists on Vine Street. Our examination of the record indicates no evidence of the prima facie lawful speed limit on Vine Street at the time and place in question. See § 39-7,108, R. R. S. 1943. The parties seem impliedly to concur that the limit was 35 miles an hour.

The collision occurred on November 14, 1969, at 4 p.m. Parts of streets were wet, but the temperature was 25 degrees F. The sun was shining. Van Ostrand was eastbound in a 1969 Volkswagen, and Beccard was southbound in a 1963 Mercury equipped with a stickshift.

Van Ostrand at a speed of 35 miles an hour and at a short distance east of Forty-fourth Street saw the Mercury begin to move south from the stop sign. He tapped his brakes. The Mercury then momentarily stopped

so that it occupied most of the traveled part of Vine Street for westbound traffic. It occupied no part of the lanes for eastbound traffic. Van Ostrand released his brake in the belief that Beccard was waiting for him to cross. The interval of the stop was a second. The Mercury then suddenly darted ahead. Van Ostrand in his inside lane of travel laid down skid marks 23 feet long. The front of the Volkswagen struck the right front fender of the Mercury. Damage to the automobiles was heavy.

Beccard had parked his Mercury in the parking lot of the Richman-Gordman store 1½ hours. He intended to proceed across the street to K-Mart on the other side of the intersection. He backed out of the stall, drove 30 feet to Forty-fifth Street, turned left to go south, proceeded south about the length of the car, waited for two automobiles in front of him to leave, and then moved a car length to the stop sign.

After traffic on Vine Street cleared, Beccard entered the intersection. The engine sputtered, and in low gear the Mercury stopped. Beccard immediately obtained sufficient engine r.p.m. for normal movement. He saw no approaching westbound traffic, but he saw a knoll somewhere east of the intersection. He feared that a westbound motorist with limited visibility would collide with him. He testified to the knoll vaguely. He admittedly was anxious to clear the intersection in a hurry. He looked westward for approaching traffic, however, prior to moving. Bright sunlight limited his vision to 150 feet. He saw no traffic. He darted ahead in low gear. He first saw the Volkswagen when it was 15 feet away.

Beccard testified to mechanical failure that had not occurred previously. There was no evidence that the parking lot had been open, enclosed, heated, or not heated; or that the temperature of the Mercury engine had fallen below normal for efficient operation. An inference that Beccard wore no sunglasses is compelling.

A motorist is under a duty to keep a proper lookout and watch where he is driving, although he has the right-of-way. When in a place of relative safety he sees, or in the exercise of reasonable care should have seen, the approach of a moving vehicle in close proximity, and he moves from the place into the path of the approaching vehicle and is struck, his conduct constitutes negligence. Cf. Heavican v. Holbrook, 187 Neb. 814, 194 N. W. 2d 208 (1972); Hayes v. Anderson Concrete Co., Inc., 186 Neb. 771, 186 N. W. 2d 477 (1971); Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605 (1959). Bright sunlight ordinarily is a condition that does not excuse the duty of a motorist to look and see approaching vehicles operated without negligence within the radius that denotes the limit of danger. Sunglasses are offered for sale at moderate prices. See, generally, Schmeling, "The Range of Vision Rule in Nebraska," 49 Neb. L. Rev. 7 (1969).

Van Ostrand and another motorist testified to Van Ostrand's speed of 35 miles an hour and to a flow of traffic on Vine Street at that speed. We assume that a prima facie lawful speed limit governing Van Ostrand and exceeding 34 miles an hour existed. Notwithstanding the existence of the knoll and Beccard's fears, a reasonable trier of fact must find that Beccard was negligent. The evidence was insufficient to support a finding of contributory negligence on the part of Van Ostrand unless a prima facie speed limit governing him was nonexistent or less than 35 miles an hour. See § 39-7,108, R. R. S. 1943.

The judgment is reversed and the cause remanded for a new trial. Should the evidence prove that a prima facie lawful speed limit governing Van Ostrand exceeded 34 miles an hour, the only issue for the trier of fact would be that of damage. Otherwise the new trial should be general.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., participating on briefs.