LARRY G. BONNES, APPELLEE, v. DON OLSON ET AL., APPELLANTS.

248 N. W. 2d 756

Filed December 29, 1976. No. 40689.

Timothy J. Pugh of Boland, Mullin & Walsh, for appellants.

William E. Gast and Ronald H. Stave of Emil F. Sodoro Law Offices, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action to recover damages arising from a collision of a motorcycle operated by the plaintiff and an automobile driven by the defendant Mardelle Olson and which was maintained as a family purpose automobile by the defendant Don Olson. The accident occurred on April 1, 1974, at the intersection of 99th and Maple Streets in Omaha, Douglas County, Nebraska. At the close of all the evidence the plaintiff's motion for a directed verdict on the issue of liability was sustained by the trial court. The trial court also overruled the defendants' motion for a directed verdict against the plaintiff and submitted the case to the jury on the sole issue of damages. The jury found for the plaintiff against the defendants and judgment was entered for the amount of the jury's verdict. The defendants' motion for new trial and for judgment notwithstanding the verdict were overruled. The defendants appeal, assigning as error the trial court's sustaining the plaintiff's motion for a directed verdict on the issue of liability, and the trial court's refusal to submit both the issues of the defendant driver's negligence and the plaintiff's contributory negligence to the jury. We hold that the trial court did not err in sustaining the plaintiff's motion for a directed verdict on the issue of liability and the judgment entered by the trial court is affirmed.

We briefly review the evidence as to the issue of liability. The plaintiff was proceeding home from work on his Honda motorcycle at about 4 p.m. on April 1, 1974. He made a right turn on Maple Street at the 102nd Street intersection, and at the time of the accident was traveling east on the north eastbound lane of Maple Street approaching the intersection of 99th and Maple Streets. Maple Street is a four-lane, concrete paved street that runs east and west in the City

of Omaha, Nebraska. It consists of two westbound lanes and two eastbound lanes each 26 feet in width, separated by a median also 26 feet in width. Ninety-ninth Street is a two-lane street running in a north-south direction. The street is designated 99th Street as it proceeds south from Maple Street but is called Maplewood Boulevard on the north side of Maple Street directly across from 99th Street. Maple Street is a favored arterial at this intersection and is protected by stop signs on 99th Street and Maplewood Boulevard.

The defendant Mardelle Olson, hereafter designated as defendant, testified that she was operating a 1967 Buick automobile in a southerly direction on Maplewood Boulevard and on reaching Maple Street stopped at the stop sign on the northwest corner of the intersection. The defendant then proceeded into the intersection crossing the westbound lanes of Maple Street into the median. The defendant stated that she did not come to a complete stop on the median but did slow her vehicle to about 2 or 3 miles an hour. As the defendant approached the eastbound lanes of Maple Street she stated she looked both to the west and to the east and did not see the approaching motorcycle of the plaintiff, whereupon she looked forward, placed her foot on the accelerator and proceeded into the north eastbound lane between 5 and 10 miles per hour until the impact occurred with plaintiff's motorcycle in about the middle of the north eastbound lane of Maple Street. Although there were no obstructions to her view to the west the defendant stated she never saw the plaintiff's motorcycle until the time of the actual impact.

The plaintiff testified that immediately prior to the accident he was operating his motorcycle in the inside or north eastbound lane of Maple Street at a speed between 30 and 35 miles per hour. His testimony from his deposition was that he was going "right around forty." An eyewitness to the accident fixed plaintiff's speed at 40 to 45 miles per hour. The speed limit on Maple

Street at this intersection was 45 miles per hour. The plaintiff further testified that he first saw the defendant's automobile when it was 10 to 20 feet away, and that it then suddenly accelerated from a stopped position into the intersection and into his path too late for him to avoid the collision.

Defendant contends that the intersecting streets at the scene of the accident consisted of but one intersection and that the defendant, having entered the intersection first when crossing the westbound lanes of Maple Street, possessed the right-of-way. Section 39-602 (37), R. R. S. 1943, provides that when two roadways of an intersecting highway are 30 feet or more apart, "then every crossing of two roadways of such highways shall be regarded as a separate intersection." The median between the eastbound and westbound lanes of Maple Street was 26 feet. We are of the opinion, however, under the facts of this case it is immaterial whether the median at this intersection is 26 feet or more than 30 feet. The usual rules of the road are to be applied in this case whether the defendant was attempting to cross one or two intersections. The crossing of the four-lane Maple Street arterial by the defendant imposed upon her continuing duties with respect to the traffic on the arterial street.

The evidence is uncontroverted in this case that the defendant was negligent in either failing to look for approaching vehicles eastbound on Maple Street within the radius of danger or, having looked, in failing to see the plaintiff's motorcycle. Our court has held in a well-established line of cases that if a driver "fails to see one which is favored over him under the rules of the road, he is guilty of negligence as a matter of law." Nichols v. McArdle, 170 Neb. 382, 102 N. W. 2d 848. See, also, Cappel v. Reiner, 167 Neb. 375, 93 N. W. 2d 36; Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652. The duty of a driver of a vehicle to look for vehicles approaching on the highway implies the duty to see

what is in plain sight. Nichols v. McArdle, *supra*. The trial court did not err in failing to submit the issue of the defendant's negligence to the jury.

We now turn to the remaining issue raised by the defendant that the trial court erred in not submitting the issue of the plaintiff's contributory negligence to the jury. The evidence is uncontradicted that the plaintiff first saw the defendant's automobile when it was 10 to 20 feet away. Whether the defendant's car was stopped at that time, or was moving at approximately 2 miles per hour, the defendant suddenly accelerated her automobile into the intersection where it was too late for the plaintiff to avoid the accident.

Our court has held that a plaintiff cannot be contributorily negligent where he has no reason to anticipate the entrance onto an arterial of an automobile from an intersecting road and had no reasonable opportunity to avoid the ensuing accident. Nichols v. McArdle, *supra;* Colton v. Benes, *supra;* Fairchild v. Sorenson, 165 Neb. 667, 87 N. W. 2d 235; Van Ostrand v. Beccard, 188 Neb. 326, 196 N. W. 2d 385; Nistor v. Therkildsen, 181 Neb. 817, 151 N. W. 2d 443.

The plaintiff had the right to assume the defendant would use the highway in a lawful manner until he was given warning or notice to the contrary. The contention of the defendant that the plaintiff was negligent in not having observed the defendant for a greater period of time is rejected for the reason that he would have still seen the defendant in a near stationary position and was entitled to rely on the assumption that the defendant would yield the right-of-way to him.

It is essential to the defense of contributory negligence that negligence of the plaintiff be a proximate cause or a proximately contributing cause of the injury. Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201. The evidence in the record of this case clearly establishes that the sole proximate cause of the collision between the vehicles of the parties was the negligence

of the defendant and that the defense of contributory negligence is not sustained by the evidence. The trial court was correct in directing a verdict for the plaintiff on the issue of liability. We affirm the judgment entered by the trial court.

AFFIRMED.