CRAIG KIRSHENBAUM, APPELLANT, V. LUCINDA DETTMAN FIGUEROA, APPELLEE.

281 N. W. 2d 408

Filed July 17, 1979. No. 42070.

Norman Denenberg, for appellant.

Knowles & Edmunds, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and COLWELL and VAN PELT, District Judges.

VAN PELT, District Judge.

This is an action for personal injuries brought by the plaintiff, the operator of a motorcycle which collided with an automobile operated by the defendant. The case was tried to a jury which returned a verdict in favor of the defendant. Following the overruling of a motion for new trial, plaintiff appealed, assigning as error that the District Court erred in: (1) Failing to sustain plaintiff's motion for a directed verdict respecting defendant's negligence; (2) submitting to the jury the issue of plaintiff's failure to keep a proper lookout; and (3) failing to instruct the jury on the law applicable to left turns.

Plaintiff contends the trial court should have found the defendant guilty of negligence as a matter of law, since she failed to see another driver who was favored over her under section 39-636, R. R. S. 1943, and whom she had a duty to see. Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652. Defendant contends she had no duty to see the plaintiff since she was unable to do so by virtue of a dip or blindspot which obscured the motorcycle from her vision.

The accident occurred in Omaha, Douglas County, Nebraska, at the intersection of 117th and Dodge Streets on August 7, 1976. Plaintiff was traveling east on Dodge Street on a motorcycle in the right or curb lane of two lanes. Defendant was traveling west on Dodge Street in the left or center lane. At the intersection, defendant turned left to proceed south on 117th Street. Plaintiff's motorcycle collided with the right rear door of the defendant's automobile at the point on Dodge Street where the eastbound curb lane intersects 117th Street.

The defendant testified that approximately 50 feet east of the intersection she looked to the west to see

if any traffic was coming and she saw only the lights of an automobile at the 120th Street intersection. After she was into her turn, she said she saw the plaintiff's motorcycle for the first time approximately 50 feet west of the intersection. She further testified that there is a dip or blindspot on Dodge Street approximately 50 feet west of the 117th Street intersection out of which the motorcycle emerged.

Officer Lynch of the Omaha police department testified as to the existence of the dip or blindspot and its effect on vision from points both 50 and 60 feet east of the intersection. The plaintiff produced another witness who testified there was only a minimal dip in Dodge Street, insufficient to hide the plaintiff's motorcycle from the defendant's vision, and the plaintiff offered a number of photographs which are particularly persuasive on this point. Other than the evidence relating to the blindspot, there is no other evidence in the record as to why the defendant could not and should not have seen the plaintiff's motorcycle.

There is sufficient evidence in the record from which the jury could have found that there was a dip and blindspot in which the plaintiff's motorcycle went out of the defendant's vision as she approached the intersection. For reasons known only to the jury, they accepted the defendant's evidence and rejected the plaintiff's witnesses and photographs on this fact issue.

Where reasonable minds may draw different conclusions and inferences from the evidence as to the negligence of the defendant and the degree thereof, the issues must be submitted to the jury. Oberhelman v. Blount, 196 Neb. 42, 241 N. W. 2d 355; Treffer v. Seevers, 195 Neb. 114, 237 N. W. 2d 114.

In determining whether a party is entitled to a directed verdict, the evidence must be considered most favorably to the other party. Every controverted fact must be resolved in his favor, and he is

entitled to the benefit of every reasonable inference which may be drawn therefrom. Clark Bilt, Inc. v. Wells Dairy Co., 200 Neb. 20, 261 N. W. 2d 772. Thus, the trial court was correct in not directing a verdict on the issue of the defendant's negligence, and was correct in submitting that issue to the jury under proper instruction.

Plaintiff's second assignment of error is that the trial court erred in submitting to the jury the issue of the plaintiff's failure to keep a proper lookout, when there was no credible evidence respecting the same. Contrary to the plaintiff's contention, there is evidence in the record from which one could find that the defendant's left-turn signal was flashing as she entered the intersection and executed her turn, and that the plaintiff had an opportunity to view the same as he traveled for a distance of at least 600 feet west of the intersection, except for the blindspot previously discussed. It is the duty of the trial court to instruct the jury upon the issues presented by the pleadings and supported by the evidence. Laux v. Robinson, 195 Neb. 601, 239 N. W. 2d 786. Thus, the issue of plaintiff's negligence in failing to maintain a proper lookout was properly submitted.

Plaintiff's third assignment of error is that the trial court erred in failing to instruct the jury on the law applicable to left turns. Specifically, plaintiff complains the court did not instruct on section 39-652, R. R. S. 1943, which sets forth when and how turn signals should be made. The court in instruction No. 2 set forth as one of the plaintiff's allegations of negligence that the defendant was negligent in "making a left turn without giving a proper left turn signal." In instruction No. 6 the court correctly referred to the above left-turn negligence allegation as one or more of the elements which plaintiff must prove in order to recover. Thus, the issue of whether the defendant was negligent in making a left turn without giving a proper left-turn signal was

submitted to the jury. Plaintiff made no request for a more detailed instruction setting forth section 39-652, R. R. S. 1943. Where instructions correctly state the law, it is not error for the court, in the absence of a request for a more specific instruction, to fail to give a more elaborate one. Clark Bilt, Inc. v. Wells Dairy Co., *supra*.

For all of the above reasons, plaintiff's three assignments of error are without merit, and the judgment is affirmed.

AFFIRMED.

WHITE, J., dissenting.

The majority holds that the presence of a "dip" some 50 to 60 feet from the intersection which defendant was traversing somehow excuses her from responsibility for striking, while executing a left turn across oncoming lanes of traffic, a motorcyclist who held a favored position under the rules of the road. Assuming that the existence of a blindspot would somehow call for application of a different standard of care in executing what heretofore has always been termed a hazardous movement, the question remains in this case whether a dip sufficient to conceal the plaintiff and his motorcycle existed at all. On this point, the photographs are absolutely conclusive. The testimony of the defendant and the police officer to the effect that the plaintiff was concealed by the dip is simply wrong. The photograph marked exhibit 27, for example, is a view of what the human eye would see at a distance of 150 feet east of the point from which the defendant intended to turn. The camera was positioned at a height of 3 feet from the surface of Dodge Street in the lane in which the defendant would have had to have been to make the turn. The headlights of an automobile are clearly visible at the lowest point in the dip. There is evidence that the headlights on the plaintiff's motorcycle were mounted 6 inches higher than those of an average automobile.

As a matter of law, the court should have found that the defendant at all times could have seen the plaintiff had she been keeping a proper lookout. This failure of a driver to see one who is favored over him under the rules of the road amounts to negligence as a matter of law. Bonnes v. Olson, 197 Neb. 309, 248 N. W. 2d 756. At a minimum in this case, the trial court should have instructed the jury that the defendant was guilty of negligence as a matter of law and submitted the question of the plaintiff's contributory negligence to the jury. Trial courts are under an obligation to submit to a jury only issues on which there is a conflict in evidence. They are not required and should not submit issues in which there is an apparent conflict in the evidence but the physical facts conclusively demonstrate that the conflicting testimony is erroneous, mistaken, or fabricated. Ritchie v. Davidson, 183 Neb. 94, 158 N. W. 2d 275. The judgment should be reversed and the cause remanded for a new trial.

KRIVOSHA, C. J., joins in this dissent.

HASTINGS, J., concurring.

I do not agree with that portion of the majority opinion which may imply, as suggested by the dissent, that the presence of a "dip," in and of itself, affords a legal excuse for failing to see an oncoming vehicle. However, I do concur in the result reached by the majority.

Bonnes v. Olson, 197 Neb. 309, 248 N. W. 2d 756 (1976), does stand for the proposition that the failure of one driver to see another favored over him under the rules of the road amounts to negligence as a matter of law. However, Kremlacek v. Sedlacek, 190 Neb. 460, 209 N. W. 2d 149 (1973), provides that the driver claiming to be in the favored position must be *"undisputedly* located in a favored position. * * * Consequently the applicable rule is that where a motorist looks and does not see an approaching vehicle, or seeing one, erroneously misjudges its speed

and distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury."

Although we very well may have reached a different result had we been hearing this case de novo, that is not the scope of our review. The case was properly submitted to the jury with appropriate instructions and should be affirmed.