DOLLY ROWEDDER, APPELLANT, v. ROYBERT L. ROSE ET AL., APPELLEES.

199 N. W. 2d 18

Filed June 23, 1972. No. 38212.

Frederick S. Geihs, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before SPENCER, SMITH, and NEWTON, JJ., and STUART and BUCKLEY, District Judges.

STUART, District Judge.

This is an action for personal injuries and property damage resulting from an automobile accident. At the conclusion of plaintiff's evidence, the trial court dismissed plaintiff's petition on motion of defendants and the plaintiff appeals.

The evidence shows that the collision occurred on May 27, 1969, at approximately 6:30 p.m. on U. S. Highway No. 136 about 6 miles east of Auburn. Plaintiff was riding in her automobile which was being driven easterly by her husband. They were proceeding to the farm home of plaintiff's niece, and at the point of collision were in the act of turning left into this farm driveway at the same time that the automobile owned by defendants Clifton, and being driven easterly by defendant Rose, was overtaking and passing plaintiff's car. The highway was a hard-surfaced roadway, 22 feet wide, with a painted centerline. Visibility was good and the roadway was dry. Prior to the accident,

the defendant Rose was traveling between 55 and 63 miles per hour, and plaintiff's automobile was "going slow." Plaintiff's automobile was in plain sight as defendant Rose overtook it for at least ¼ mile before the collision. Defendant Rose turned on his left-turn signal, moved into the left lane to pass plaintiff, and at this instant the plaintiff's automobile "veered over," defendant applied his power brakes, and the collision followed, the right front of defendants' automobile colliding with the left rear of plaintiff's automobile. Defendant Rose did not sound his horn. At the point of impact defendants' left front wheel was 3 feet south of the north edge of the paved portion of the highway and the plaintiff's left front wheel was 2 feet north of the centerline of the highway.

Five people witnessed the accident; the plaintiff, the plaintiff's husband, the defendant Rose, the defendant Laura A. Clifton (passenger in defendants' car), and Paul L. Edmonds, a disinterested witness who was following defendants' automobile four to six car lengths. All five testified either personally or by deposition. None of these witnesses testified that plaintiff's husband gave any indication of an intention to change direction or speed, either by a hand or arm signal, a signal light or a brake light. The uncontradicted testimony is that he began his left turn across the highway at a point not an intersection without any warning of any kind.

At the conclusion of plaintiff's evidence the trial court found as a matter of law that the proximate cause of the accident was the negligence of plaintiff's husband and that plaintiff's evidence failed to show that the acts of any of the defendants were a proximate cause of the accident.

The applicable statute provides: "(1) No person shall turn a vehicle from the direct course upon a highway unless such movement can be made with reasonable safety, and then only after giving * * * an ap-

propriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement; * * *. (2) A signal of intention to turn right or left shall be given continuously during not less than the last fifty feet traveled by the vehicle before turning; * * *." § 39-7,115, R. R. S. 1943.

This court has stated: "The most dangerous movement on public streets or highways is the left-hand turn. While the left-hand turn at intersections is within the purview of this statement, the left-hand turn across a favored public highway between intersections is a particularly dangerous one. Legislatures have seen fit to regulate such movements and courts have required a degree of care commensurate with the danger. The language of our statute states that no person shall turn a vehicle from the direct course upon a highway unless such movement can be made with reasonable safety, and then only after giving the statutory signal. In other words, the giving of the statutory signal is not enough, one must exercise reasonable care under all the circumstances. He cannot rely on holding out his arm and trust that all may see it. He must take reasonable precautions for his own safety and the safety of others before he undertakes a left turn between intersections where such movements are not anticipated." Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355.

Although plaintiff's husband testified, he was not asked whether or not he saw defendants' car or whether or not he signaled his intention to turn left. Therefore, he did not testify whether or not he observed the approach of defendants' automobile, which was in plain sight. Nevertheless, we think that this case properly comes under the rule enunciated in Petersen v. Schneider, supra, as follows: "Where the driver of a vehicle turning across a street or highway between intersections fails to look at all at a time and place where to look would be effective, or looks and negligently fails to see that which is plainly in sight, or is in a position

where he cannot see, a question for the court is usually presented."

Plaintiff complains of the speed of defendants' automobile. The applicable statute provides: "* * * no person shall operate a motor vehicle on any highway outside of a city or village * * * at a rate of speed greater than is reasonable and proper, having regard for the traffic, the use of the road, and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person, nor in any case at a rate of speed exceeding * * * sixty-five miles per hour between the hours of sunrise and sunset, and sixty miles per hour between the hours of sunset and sunrise, upon any concrete, brick, macadamized, or other hard-surfaced highway, or upon any other highway that is a part of the state highway system * * *." § 39-723, R. R. S. 1943.

The highway was hard-surfaced in good condition, the weather was clear and dry, visibility was good, and the time was between the hours of sunrise and sunset. Defendant Rose had no reason to anticipate any danger. It is entirely proper for one vehicle to pass another which is traveling in the same direction, and to do so the passing vehicle must be going faster than the vehicle being passed. The only evidence of defendants' speed was that it was between 55 and 63 miles per hour. This was not a negligent rate of speed under the circumstances shown.

Plaintiff complains that defendant Rose failed to sound his horn, and that this is evidence of negligence. "The duty to sound a horn or give a warning during the operation of a motor vehicle is not an absolute one. The duty in this regard depends upon circumstance." Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496. "One driving in the rear of another car has the right to assume that a motorist will obey the law of the road and is not bound to anticipate that a car will leave its proper side and cross the highway, at least where there is no intersection of public highways, and nothing to lead one in

the exercise of reasonable care to foresee such action." Petersen v. Schneider, *supra*. The evidence in this case fails to show any reason that defendant Rose should have anticipated the left turn, and therefore his overtaking and passing without sounding his horn is not evidence of negligence.

Plaintiff complains of the refusal to admit exhibits 14 to 25 in evidence. These exhibits appear to be photographs taken at some time after the accident. There was no foundation presented by the person taking the photographs. There was some indication that they may have been taken by plaintiff's attorney 5 days after the accident, but there was no evidence that the photographs offered were, in fact, those taken by plaintiff's attorney. The witnesses looking at the photographs were unwilling to state that the skid marks portrayed therein were those made at the time of the accident. "The admission or rejection of photographs in evidence is largely within the discretion of the trial court. In the absence of a showing of an abuse of discretion, error may not be predicated upon such ruling." Peterson v. Skiles, 173 Neb. 470, 113 N. W. 2d 628. Clearly plaintiff did not lay sufficient foundation for the admission of these exhibits.

The dismissal of plaintiff's petition by the district court was correct and is affirmed.

AFFIRMED.