**De Lloyd L. MEYER, Appellant,**

v.

**BANKERS DISPATCH CORPORATION,**
**Appellee.**

No. 72–1319.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1972.

Decided Jan. 15, 1973.

Nicholas J. Lamme, Fremont, Neb., for appellant.

Thomas J. Walsh, Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY, Circuit Judge, and DURFEE, United States Court of Claims Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

The sole issue presented by plaintiff on this appeal is asserted error upon the part of the trial court in sustaining defendant's motion for judgment n. o. v. and, based thereon, dismissing his cause of action. Plaintiff's cause of action is for recovery of damage for injuries sustained in an automobile accident predicated upon the negligent operation of defendant's automobile.

The facts surrounding the accident will be briefly summarized. Plaintiff's truck and defendant's car, operated by an authorized employee, were on November 7, 1967, about 4:15 p. m., both proceeding north on Nebraska State Highway 16, a two-lane blacktopped highway. When plaintiff made a left-hand turn across the highway to enter a farm driveway located between intersections, his truck was struck by defendant's automobile. Plaintiff's testimony is that he activated the left-turn blinker light some three hundred feet before making the turn. With respect to lookout to the rear, he testified:

"Q. Do you have any recollection of looking in your rear view mirror at the time you actually crossed the center line of the highway, or were you looking ahead toward the driveway at that time?

A. I looked in the mirror as I turned. Before I turned.

Q. Before you turned?

A. Yes.

Q. You don't claim or maintain though, that you were actually looking in the rear view mirror when you crossed the center line?

A. Not when I turned.

\* \* \* \* \* \*

Q. At the time you last looked, at the time you have any positive recollection of last looking in the rear view mirror, could you see for a considerable distance behind you? Was the mirror adjusted so that you could make such an observation?

A. I could see to the corner, I am sure.

Q. I think you told me once that the last time you looked you could see up to the county road intersection and maybe beyond that up the hill some distance.

A. Perhaps a little beyond the intersection."

The intersection referred to by plaintiff is some seven hundred to eight hundred feet south of the farm driveway. Plaintiff further testified that he looked to the rear through his rear view mirror an indefinite number of times and he did not at any time observe defendant's car prior to the collision.

The case was tried to a jury who returned a verdict for the plaintiff for $25,000.00. Defendant's timely motions for a directed verdict at the close of plaintiff's case and at the close of all the evidence were overruled. Such motions included the following grounds:

"Further, that plaintiff's own evidence establishes that he was guilty of contributory negligence in a degree more than slight and sufficient to bar his recovery as a matter of law under the decisions of the Supreme Court of the state of Nebraska, as heretofore cited by the Court, particularly in this respect, that plaintiff's own evidence shows by undisputed facts and by admissions made and uncontradicted in the record that plaintiff did not make such observation for other vehicular traffic before driving his vehicle across the center line and into the path of defendant's passing vehicle;

"Further, and more particularly, that plaintiff's own evidence establishes that plaintiff's observations, if any, were not timely, or alternatively, were not of such duration to see the danger which, by plaintiff's own evidence, was plain and in plain sight."

The above-stated grounds were reasserted in the motion for judgment n. o. v., which was sustained. The court in its order on April 27, 1972, states:

"Under the law of the State of Nebraska, as announced in the case of Petersen v. Schneider, 153 Neb. 815, 46 N.W.2d 355, a case which is indistinguishable in any significant way from the present case, this Court must conclude as a matter of law that the plaintiff in the present case was negli-gent. 'In addition, this Court is of the opinion that reasonable minds could not differ as to a conclusion that the negligence on the part of the plaintiff contributed to the cause of the injuries complained of, and that such negligence was more than slight.' "

In the Petersen case cited and followed by the trial court the Nebraska Supreme Court sets out the applicable rule as follows:

"Where the driver of a vehicle turning across a street or highway between intersections fails to look at all at a time and place where to look would be effective, or looks and negligently fails to see that which is plainly in sight, or is in a position where he cannot see, a question for the court is usually presented. Where he looks but does not see an approaching automobile because of unusual conditions or circumstances, or sees the approaching vehicle and erroneously misjudges its speed or distance, or for some reason assumes he could safely complete the movement, the question is usually one for the jury." 46 N.W. 2d 355, 359–360.

In Rowedder v. Rose, 188 Neb. 664, 199 N.W.2d 18 (1972), the Petersen test is extensively quoted and followed.

Both Petersen and Rowedder hold that "the most dangerous movement on public streets and highways is the left-hand turn", a left-hand turn between intersections is particularly dangerous, and that under § 39–7,115, R.R.S.1943, more than the giving of a turn signal is required of a vehicle making a left turn. The turn shall not be made unless the movement can be made with reasonable safety.

■ We agree with plaintiff's contention that in connection with the consideration of a motion for a directed verdict or a judgment n. o. v., plaintiff is entitled to have the evidence viewed in the light most favorable to him, including all reasonable inferences to be drawn from the evidence.

Plaintiff's admission that he did not see defendant's vehicle at any time prior to the collision establishes under the Nebraska cases just cited that he is guilty of negligence more than slight as a matter of law and is thus foreclosed from obtaining a judgment favorable to him. It is clear under the evidence that plaintiff should have observed defendant's vehicle which was starting to pass him prior to the time of the collision if he had followed the rule of the Nebraska cases just cited.

Plaintiff tries to bring himself within the "unusual conditions and circumstances" exception referred to in the quotation from *Petersen*, supra. Reliance is placed principally on plaintiff's claim that a blind spot prevented him from seeing defendant's car in the passing lane. Plaintiff under the statute was required not to change his course unless such change could be made with reasonable safety. He is required to look at a time and place where the looking would be effective. Moreover, under plaintiff's own testimony he could see at least seven hundred feet to the rear from the place he made the left turn and the alleged blind spot under plaintiff's own testimony came into play from the back of the cab to fifty to sixty-five feet to the rear of it. Defendant's car was traveling considerably faster than plaintiff's truck. Skid marks made by defendant's car extended fifty-nine feet south of the point of collision. Included in the plaintiff's testimony is the following:

"Q. So you are talking about an area of 50, 60, or 65 feet. Something in that neighborhood?

A. Somewhere close to that.

Q. If a vehicle was in that area and proceeding at 60 miles an hour, or at 90 feet a second, it wouldn't stay in that area very long, would it?

A. No it wouldn't.

Q. So if you took a real good look, and did more than a momentary glance, that blind spot should not really bother you very much, should it?

A. If you looked at the right time, it probably wouldn't bother you."

We hold that the trial court under the rule set out in *Petersen* and *Rowedder* correctly determined as a matter of Nebraska law that the plaintiff was guilty of negligence more than slight in failing to observe the proximity of defendant's car prior to the time he made the left turn.

We have carefully examined the record. We hold that the plaintiff has not established any unusual conditions or circumstances which would excuse his failure to observe defendant's approaching vehicle.

The trial court did not base its ruling on lack of negligence on the part of the defendant. Neither do we.

The judgment of dismissal is affirmed.