ALVIN A. PETERSEN, APPELLANT, V. JOHN SCHNEIDER ET AL., APPELLEES.

47 N. W. 2d 863

Filed May 11, 1951. No. 32859.

*Otto H. Wellensiek, Olsen & Holtorf,* and *Moran & James,* for appellant.

*Neighbors & Danielson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

In the opinion previously filed in this case, Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355, we did not discuss the question whether or not the negligence of the driver of the automobile was imputable to the plaintiff. It now appears to us that this is important in

determining the issues to be submitted on the retrial of the case.

The trial court instructed the jury that any negligence on the part of the driver of the automobile was imputable to the plaintiff. The record shows that plaintiff was the owner of the automobile being driven by Wellensiek at the time of the collision. There is no evidence that the occupants of the automobile were engaged in a joint enterprise or that any relationship existed between the owner of the car and the driver which gave the owner authority to direct or to assist in the operation and management of the car. The record shows that the plaintiff and his two companions were on a hunting trip and that each drove the car a part of the time. The owner of an automobile may in some cases be considered a guest of the driver so that the driver's negligence will not be imputed to him. In approving this rule we said: " 'A man may, however, be a guest in his own automobile, and an owner, who, although present in his car while it is being driven by another not his agent, is present merely as a guest, and has no control of the machine, which is not being used in the furtherance of his business or undertaking, is not liable, in absence of any statute imposing liability for the negligence of such person in operating it.' " Gorman v. Bratka, 139 Neb. 718, 298 N. W. 691. In Christensen v. Hennepin Transportation Co., Inc., 215 Minn. 394, 10 N. W. 2d 406, 147 A. L. R. 945, the court in dealing with this question said: "The owner of an automobile may be the operator's guest. Where the owner is the guest of the operator of his automobile, the operator's contributory negligence is not imputable to the owner, except where the operator is the owner's servant or agent or where the operator and the owner are engaged in a joint enterprise."

In Smalley v. Simkins, 194 Wis. 12, 215 N. W. 450, the court in a similar case said: "That Simkins drove the car part way and was riding in the front seat at the

time of the accident does not present any substantially different situation. Each of the men was an experienced driver, and appellant, Simkins, at no time undertook or assumed to direct, as principal, the defendant Smalley as driver. The only thing here that can be recognized under the law as the proximate cause of the injury was the carelessness of the driver, Smalley. The mere fact of ownership of the car by Simkins is not of itself sufficient to create such a liability."

The appellant relies upon Sutton v. Inland Construction Co., 144 Neb. 721, 14 N. W. 2d 387. We therein said: "The prevailing rule is that the relation of principal and agent or master and servant exists between the owner and the driver under such circumstances, and that the owner, being present in the car at the time of the accident and having the control and authority of a principal or master, is responsible for and bound by the negligence of his agent or servant." There was evidence in that case that the owner was directing the driver and exercising some control over the operation of the car. Whether the owner was liable for the negligence of the driver was a question of fact. We think the rule announced in the Inland Construction Company case was incorrect to the extent that it infers that ownership alone is evidence that the relation of principal and agent, or master and servant, exists. The cases cited in that case in support thereof announce a rule that is much broader in scope than the rule followed in this state. The rule in this state is: Where the owner is a passenger in his own automobile while it is being operated by another, the negligence of the operator is not imputable to the owner, except where the operator is the owner's servant or agent, or where the operator and the owner are engaged in a joint enterprise, or where the owner assumes to direct the operation of the automobile and to exercise control over it. See, also, Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 80 A. L. R. 280 and cases cited in the annotation thereto. We hold therefore that

the negligence of the driver of the automobile is not imputed to the plaintiff under the evidence shown by the record. Under such circumstances it is error to instruct that the negligence of the driver of the car was imputed to plaintiff and where, as here, there is no evidence of any contributory negligence on the part of the plaintiff, it is error to submit the question of contributory negligence to the jury.

The former opinion as herein modified is adhered to and the motion for a rehearing overruled.

MOTION FOR REHEARING OVERRULED.