DOYLE L. HACKER, APPELLANT, V. RAMIRO A. PEREZ, APPELLEE.

192 N. W. 2d 166

Filed November 24, 1971. No. 38014.

Van Steenberg, Winner & Brower, for appellant.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an action to recover damages as the result of a collision at an unprotected intersection of two graveled county roads 6 miles north and 3 miles east of Scottsbluff, Nebraska. Plaintiff, Doyle L. Hacker, appeals from a judgment entered on a jury verdict for the defendant, Ramiro A. Perez. We affirm.

Plaintiff sets out seven assignments of error. However, only one is argued in his brief: The trial court should have directed a verdict for the plaintiff. If the trial court had done so, it would have constituted reversible error.

In determining whether a party is entitled to a directed verdict, the evidence must be considered most favorably to the other party. Every controverted fact must be resolved in his favor, and he is entitled to the benefit of every reasonable inference that may be drawn therefrom. Napier v. Pedersen, 175 Neb. 703, 123 N. W. 2d 577.

Plaintiff's son, Rex S. Hacker, about 3 p.m., on June 29, 1969, was driving plaintiff's automobile from the south, approaching the intersection in question. At the same time the defendant was approaching from the west. Rex testified he was traveling 40 to 45 miles per hour and did not decrease his speed as he approached the intersection. He has no recollection of seeing the defendant's automobile.

Defendant testified he was traveling 20 to 25 miles per hour and slowed down for the intersection. He saw no car when he first looked as he approached the intersection but continued to look and finally saw a car approaching from the south. He tried to avoid a collision by applying his brakes and swerving to the north.

The evidence would indicate that from the direction the two cars were approaching, the intersection is almost a blind one. In any event, it is extremely difficult to detect approaching traffic from either the south or the west.

While Rex testified he could not recall seeing defendant prior to entering the intersection, his car left skid marks for 56 feet to the point of impact. Either he saw the defendant's vehicle or realized he was approaching a bad intersection. Defendant's vehicle skidded 22 feet to the point of impact. Defendant's car traveled 18 feet into the intersection, and the front of the car was within 4 feet of the east edge of the intersection. The front of the plaintiff's car was only 2 feet 6 inches into the intersection at the time of impact. Using these measurements and considering as a minimum the admitted speed and reaction time of the participants, we could fairly assume Rex observed the defendant's vehicle when he was at least 100 feet from the intersection, while the defendant observed the plaintiff's automobile approaching when defendant was at least 22 feet from the intersection. Defendant's vehicle was almost across the intersection when Rex entered it because plaintiff's car only traveled 2½ feet to the point of impact.

While Rex testified he was driving 40 to 45 miles an hour, the physical facts, including the extensive damage to the vehicles, would support an inference of a much greater speed. In any event, the speed of an automobile is excessive if it is found to be unreasonable or imprudent under the existing circumstances, even though it may not exceed the applicable statutory limits. Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556. In this respect our law is clear that questions affecting the visibility of a motorist impose upon the driver the duty to use a degree of care commensurate with the existing circumstances. See Thompsen v. Miller, 177 Neb. 530, 129 N. W. 2d 498. As suggested by Costanzo, it is well settled that circumstantial evidence is sufficient to sustain a charge of unlawful speed and may be

sufficient to overcome direct evidence. It is not unreasonable to assume that the jury found Rex was traveling at a speed greater than was lawful and prudent under the conditions which existed at the intersection in question, and consequently did not have his automobile under reasonable control.

Plaintiff assumes because Rex approached the intersection from the right, a verdict must be directed for him. The facts in this case do not undisputedly give him the right-of-way. They present a jury question which was resolved against the plaintiff. The operator of a motor vehicle who would otherwise have the directional right-of-way under statutory regulations if he operates it at a lawful rate of speed may forfeit that right-of-way if he operates the vehicle at an unlawful rate. In so holding, we are not unmindful that section 39-751(2), R. R. S. 1943, was repealed previous to the date of the accident herein. The new statutory section says nothing about forfeiture of right-of-way by unlawful speed, but that holding is inherent in other regulations covering right-of-way. Those rules must be construed within the ambit of lawful operation of motor vehicles. We have said on many occasions the fact that one may have the directional right-of-way does not permit him to proceed in utter disregard of traffic approaching from the left. The rules of the road which are applicable herein are stated and discussed in Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556.

The judgment is affirmed.

AFFIRMED.