DOMINIC FARRO, APPELLANT, v. CRAIG W. RUBOTTOM,
WAYNE L. BEITEL, THE STATE OF NEBRASKA,
AND SUE COFFEE, APPELLEES.

274 N. W. 2d 149

Filed January 17, 1979.  No. 41795.

Roger C. Lott, for appellant.

Russell E. Lovell, for appellee Coffee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., Pro Tem.

This is an action to recover damages for personal injuries sustained by Dominic Farro, plaintiff, when he was struck by a vehicle operated by Craig W. Rubottom and owned by Wayne L. Beitel, his employer. Sue Coffee was the operator of a vehicle which had stopped in front of the Rubottom vehicle immediately before the accident.  The District Court sustained Coffee's motion for summary judgment after reviewing the depositions and interrogatories, and dis-

missed the action against her. Plaintiff prosecutes this appeal from that dismissal. We affirm.

At the time of the accident, Farro was working as a flagman for the State of Nebraska Department of Roads. He was at the east end of a resurfacing project on State Highway No. 2 in Box Butte County, Nebraska. The construction area was about 9 miles in length from the west edge to the east edge.

When defendant Coffee entered the construction project a flagman gave her a signal ring with flag attached. This ring indicated she was the last car from the west through the project. When Coffee was partly through the construction area she saw a yellowish-red International pickup approaching from her right on a side road. This truck turned onto State Highway No. 2 in front of her, proceeding east at a speed she estimates to be 10 to 15 miles per hour. She followed the truck for a time and then passed it at a speed between 25 and 30 miles per hour.

Rubottom, the driver of the pickup, testified he stopped before entering the highway from a graveled road. He did not see any traffic or signs of road construction. The Coffee vehicle came up behind him very quickly after he had traveled one-half to three-quarters of a mile. He estimates his speed at this time at 40 miles per hour. The Coffee vehicle passed him, going about 60 miles per hour. Shortly after being passed he noticed some ''Men Working'' signs along the side of the road. At this time he could not yet see any construction equipment, and the Coffee vehicle had disappeared from his view over a hill or around a curve. When he next saw the Coffee automobile its brake lights were on and it was slowly approaching the plaintiff. He was less than a quarter of a mile away at that time. When he saw the car, he let up on the gas. Before letting up on the gas, he was still traveling at 40 miles per hour.

Rubottom saw plaintiff standing next to the Coffee vehicle, near the middle of the road. Plaintiff was facing south toward the car. A truck belonging to the State was parked off the road to the south of Coffee's car. He saw Coffee hand the ring or flag to the plaintiff. At some point he attempted to apply the brakes on the truck, but the pedal went all the way to the floor. There was no brake pressure. He pumped the brake pedal. As he turned to the north to avoid hitting the car, plaintiff also stepped to the north, backing away from the car. He did not think plaintiff saw him until immediately before impact. He hit plaintiff with the front of the truck, near its center. After hitting plaintiff, he drove off the north edge of the road. Plaintiff was carried for a distance on the front of the truck until Rubottom jerked the truck back onto the road so plaintiff would not fall underneath it. He stopped the truck after traveling 50 to 100 feet on the road.

Following the accident a state patrolman tested the brakes and told Rubottom he could not drive the truck. The patrolman issued a ticket for tailgating or following too closely, to which Rubottom pled guilty. After the accident Rubottom parked the pickup on a nearby farm. He could not recall whether he had any trouble with the brakes while parking it. He testified he had not had any trouble with the brakes prior to the date of the accident.

Beitel, his employer and owner of the truck, testified he inspected the truck sometime after the accident and it had brakes. The truck also passed a safety inspection after the accident, with no repairs being made to the brakes. Rubottom did not tell him either before or after the accident that the brakes were defective.

Coffee testified she could not estimate the number of miles she traveled after passing the International pickup, but it seemed quite a distance. When she reached the eastern edge of the construction area

and stopped to give the flag to the flagman, she did not know how far the truck was behind her. It had to be some distance because she had time to stop her car, roll down her left window, and give the flag to the flagman. She then drove forward about 3 feet, when her car was struck on the left rear bumper by the truck. When she stopped her car to give the flag to the flagman, she applied her car brakes, which were in good working order, so the brake lights were visible to anyone behind her.

Farro was wearing an orange vest and holding a sign 2 feet wide. One side said "Stop;" the other side said "Go." Farro testified Sue Coffee came to a complete stop and handed him the key ring with the flag through the left window of her car. After she handed him the key ring she started to go away when Farro was struck by the pickup. He was asked the following question: "Now, when you were hit, was this girl's car still where you last remembered it was, or had it started to go yet?" He answered, "It was gone." Farro testified the Coffee car did not strike him in any way.

Plaintiff-appellant Farro argues the trial court erred in sustaining a motion for summary judgment because there were issues of fact to be resolved by the jury. The rule applicable herein is: "The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact and where under the facts he is entitled to judgment as a matter of law." Clemens Mobile Homes, Inc. v. Guerdon Industries, Inc., 199 Neb. 555, 260 N. W. 2d 310 (1977).

In Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976), we held: "Summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a material issue of fact must be resolved against the moving party."

Upon a motion for summary judgment the court

examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. In this respect the court should take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences which may reasonably be drawn from the evidence. If, when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits. Or, as we said in Pfeifer v. Pfeifer, 195 Neb. 369, 238 N. W. 2d 451 (1976): "The primary purpose of the summary judgment statute is to pierce sham pleadings and to dispose of, without the necessity and expense and delay of trial, those cases where there is no genuine claim or defense. Properly used it can accomplish that purpose."

In the present case, there is essentially no factual dispute concerning Coffee's actions and her role in the accident. The speed of her car before she reached the place of the accident is immaterial. Her car had come to a complete stop; her brake lights were on; she had handed the flag to the plaintiff; and the plaintiff testified her car was gone when he was hit by the pickup.

It seems to be the plaintiff's theory that because the Coffee car passed the pickup after it had come onto the highway from a side road, Coffee is guilty of negligence which is one of the proximate causes of the accident. There is no merit to this contention. The vehicle was a yellowish-red International boom-equipped truck. It was of a color and type that could reasonably be considered construction equipment. Further, in a construction area as long as this one, with intersecting roads, the construction crew could reasonably expect additional traffic.

Sue Coffee had driven a considerable distance after she entered the construction project at the west edge. She testified she did not remember seeing any men or construction equipment on the highway

except the flagmen. A considerable portion of the area between the west and east boundaries was a clear two-lane road showing no characteristics of road construction. She could not estimate the number of miles between the west boundary and the east boundary which showed no sign of construction, but, as she remembered, most of the highway was free and clear of construction equipment and men until she got to the east edge of the area.

Coffee testified: "I entered the construction project from the west side. When I got to Lawn Church Corner, I saw a yellowish-red International pickup truck approaching from my right. I slowed down, and the truck then turned onto the highway directly in front of me and proceeded east. I had never seen the International pickup truck before. I did not know whether it had anything to do with the Highway construction or not. * * * I cannot estimate the number of miles that I traveled after passing the International pickup truck, but it seemed quite a distance."

As we view the record, plaintiff has alleged no actionable negligence on the part of Sue Coffee. It was daylight. The visibility was good. Farro was positioned so he would see oncoming traffic. Sue Coffee did not stop suddenly. The evidence is clear, she slowed to a stop. Rubottom corroborated her testimony that her brake lights were on. Sue Coffee did not strike the plaintiff. As a matter of fact, she had delivered the flag, and had proceeded on when Rubottom struck the plaintiff.

Negligence is never presumed. The record is clear beyond all doubt that Sue Coffee cannot be charged with any negligence which could be said to have contributed to the plaintiff's injuries. In fact, there is no showing of any negligence on Coffee. The motion for summary judgment was properly sustained.

The judgment dismissing the action as to Sue Coffee is affirmed.

AFFIRMED.