DARLENE SCHANAMAN, PERSONAL REPRESENTATIVE OF ROBERT W. SCHANAMAN, JR., DECEASED, APPELLANT, V. KELLY ANN RAMIREZ AND REYNALDO RAMIREZ, APPELLEES.

292 N. W. 2d 39

Filed May 6, 1980. No. 42823.

Raymond, Olsen & Coll, P.C., for appellant.

Holtorf, Hansen, Kovarik & Nuttleman, P.C., for appellees.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and CAPORALE, District Judge.

CAPORALE, District Judge.

The plaintiff, as personal representative of her deceased son, Robert W. Schanaman, Jr., appeals the

trial court's judgment on the jury's verdict for the defendant in a wrongful death action arising out of a pickup truck-motorcycle accident. For the reasons set forth below, we reverse and remand for a new trial.

The salient facts, considering the evidence most favorably to the defendants, are these. The accident occurred during dusk at approximately 7:30 p.m. at the intersection of East Overland and Fifth Street, Scottsbluff, Nebraska, on September 22, 1977. Both streets were four lanes, one 42½ and the other 43½ feet wide. Defendant, Kelly Ann Ramirez, was driving a pickup truck and had been traveling west on East Overland intending to turn left (south) onto Fifth Street. Plaintiff's decedent was driving a motorcycle and had been traveling east on East Overland at a speed in excess of the 30-mile-per-hour limit. The intersection was controlled by traffic lights which signalled green for east-west traffic. Each vehicle involved had its lights on. As defendant approached the intersection, there were no cars traveling west directly ahead of her. There were, however, four cars approaching the intersection from the west. Defendant allowed two of them to clear the intersection and she slowed down to approximately 5 miles per hour, but never came to a complete stop. Of the two remaining eastbound automobiles, both of which were in the lane nearest to the center line, the one nearest the intersection was moving slowly. When that vehicle was approximately two car lengths from the defendant, she judged that she had enough time to make it through the intersection and made a left turn. In the meantime, the motorcycle continued traveling east in the lane nearest the center line. When the eastbound automobile ahead of decedent's motorcycle slowed down, the decedent went around it, to the automobile's right, moving to a point approximately midway into the outside lane. The motorcycle con-

tinued forward, to the east, in that outside lane. Defendant collided with the motorcycle without ever having seen it. The impact occurred in the southeast quarter of the intersection.

At the close of defendant's case, plaintiff moved for a directed verdict "in favor of the plaintiff on issues of liability only." The court overruled that motion and submitted the case to the jury on the issues of defendant's negligence, decedent's contributory negligence, comparative negligence, proximate cause, and damages. Plaintiff assigns as error the court's failure to sustain her motion and the submission to the jury of the issues of defendant's and decedent's negligence.

Plaintiff's claims must be tested in accordance with the following rules of substantive law.

It is unlawful for the driver of a vehicle to turn left unless and until such movement can be made with reasonable safety. Neb. Rev. Stat. § 39-652 (Reissue 1978). The driver of a vehicle who intends to turn left at an intersection is to yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard. Neb. Rev. Stat. § 39-636 (Reissue 1978); *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978). By "right-of-way" is meant the right of one vehicle to proceed in a lawful manner in preference to another approaching under such circumstances of direction, speed, and proximity as to give rise to danger of a collision unless one grants precedence to the other. Neb. Rev. Stat. § 39-602(81) (Supp. 1979). A motorist must see what is in plain sight. *Davis v. Spindler*, 156 Neb. 276, 56 N.W.2d 107 (1952); *Caldwell v. Heckathorn*, 176 Neb. 704, 127 N.W.2d 182 (1964). A driver who fails to see another who is favored over him is guilty of negligence as a matter of law. *Bonnes v. Olson*, 197 Neb. 309, 248 N.W.2d 756 (1976); *Nichols v. McArdle*, 170 Neb. 382, 102 N.W.2d 848

(1960). However, although one in a favored position may assume, until he has warning, notice, or knowledge to the contrary, that others will use a highway lawfully, he must nonetheless keep a proper lookout and watch where he is driving. *Nichols v. McArdle, supra; Bonnes v. Olson, supra; Hayes v. Anderson Concrete Co., Inc.*, 186 Neb. 771, 186 N.W.2d 477 (1971). One does not forfeit his right-of-way by driving at an unlawful speed. *Epperson v. Utley*, 191 Neb. 413, 215 N.W.2d 864 (1974). Negligence is not presumed and the mere happening of an accident does not prove negligence. *Farro v. Rubottom*, 202 Neb. 120, 274 N.W.2d 149 (1979); *Wolcott v. Drake*, 162 Neb. 56, 75 N.W.2d 107 (1956). And, finally, it is essential to the defense of contributory negligence that the negligence of the plaintiff's decedent be the proximate cause or a proximately contributing cause of the death. *Kaufman v. Tripple*, 180 Neb. 593, 144 N.W.2d 201 (1966); *Bonnes v. Olson, supra.*

There is no evidence of any factor which would excuse defendant from seeing plaintiff's decedent. The location of the impact establishes that plaintiff's decedent was approaching the intersection and was so close as to constitute an immediate hazard. We conclude defendant was negligent as a matter of law in failing to see plaintiff's decedent who was in a favored position having the right-of-way over defendant.

In submitting to the jury the question of the contributory negligence of plaintiff's decedent, the court submitted the issues of lookout, control, speed, and failure to yield the right-of-way. The jury could have inferred from the failure of plaintiff's decedent to diminish his speed that he, notwithstanding his right-of-way, failed to keep a proper lookout. There is no evidence, however, from which it can be reasonably inferred that decedent failed to have his motorcycle under control. It cannot be inferred from the mere happening of the accident. There is

evidence that decedent was speeding. Witness Paul Stuve testified he had plaintiff's decedent in view over a period of several blocks, that the witness was traveling at 30 miles per hour, and that the motorcycle passed him and continued to increase the distance between it and the witness' vehicle. The right-of-way, as has been seen, belonged to plaintiff's decedent, not to defendant. The jury could infer that decedent's speed and failure to keep a proper lookout were proximately contributing causes of the collision.

Since the question of the contributory negligence of plaintiff's decedent was for the jury, the trial court was correct in overruling plaintiff's motion for a directed verdict on the "issues of liability." Plaintiff did not move the court to instruct the jury that defendant was negligent. Nonetheless, a trial court has the duty not to submit to the jury issues which are not sustained by the evidence. *Nichols v. McArdle, supra; Colton v. Benes*, 176 Neb. 483, 126 N.W.2d 652 (1964); *Rose v. Gisi*, 139 Neb. 593, 298 N.W. 333 (1941).

Accordingly, the cause must be remanded for a new trial on the question of the contributory negligence of plaintiff's decedent and the comparative negligence questions arising under the provisions of Neb. Rev. Stat. § 25-1151 (Reissue 1975).

REVERSED AND REMANDED FOR A NEW TRIAL.