KATHERINE A. BURROWS, APPELLANT, V.
A. BYRON JACOBSEN, APPELLEE.

311 N.W.2d 880

Filed October 30, 1981. No. 43477.

James W. Crampton for appellant.

Ray C. Simmons, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

On August 11, 1978, the plaintiff, Katherine A. Burrows, was injured in an automobile accident at the intersection of Highway 370 and 84th Street, in Papillion, Nebraska. The plaintiff was a passenger in her own automobile driven by Robert C. Miller who was attempting to make a left turn onto 84th Street from Highway 370 in Sarpy County when the automobile was struck by the automobile of the defendant, A. Byron Jacobsen. After the accident the plaintiff complained of a sore back and neck and was taken to the Midlands Community Hospital for treatment. The plaintiff's automobile was being driven east and the defendant's automobile west on Highway 370.

Plaintiff brought an action for damages for personal injuries and medical expenses in the Douglas County District Court. The action was removed to Sarpy County District Court. Trial was had to a jury and a verdict was returned for the defendant. Following motions for new trial or judgment notwithstanding the verdict, which were overruled, the plaintiff appealed. Plaintiff raised the following assignments of error on appeal: (1) The trial court erred in failing to direct a verdict for the plaintiff and in failing to find the defendant negligent as a matter of law; (2) The trial court erred in overruling plaintiff's objection to jury instruction No. 5; and (3) The trial court erred in not granting plaintiff's motions for a new trial and judgment notwithstanding the verdict.

We will discuss the first and third assignments of error together. The plaintiff cites *Fangmeyer v. Reinwald*, 200 Neb. 120, 124-25, 263 N.W.2d 428, 431 (1978). *Fangmeyer* states: "It is clear, however, that the question of the existence of negligence or contributory negligence is for the trier of fact whenever different

minds may reasonably draw different conclusions from the evidence, and a directed verdict is proper only when reasonable minds cannot differ. [Citations omitted.] It is only when the facts are conceded, undisputed, or are such that reasonable minds can draw but one conclusion therefrom that the trial court must decide the question as a matter of law and not submit it to the jury." We said in *Schanaman v. Ramirez*, 206 Neb. 212, 215-16, 292 N.W.2d 39, 41-42 (1980): "Plaintiff's claims must be tested in accordance with the following rules of substantive law.

"It is unlawful for the driver of a vehicle to turn left unless and until such movement can be made with reasonable safety. Neb. Rev. Stat. § 39-652 (Reissue 1978). The driver of a vehicle who intends to turn left at an intersection is to yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard. Neb. Rev. Stat. § 39-636 (Reissue 1978); *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978). By 'right-of-way' is meant the right of one vehicle to proceed in a lawful manner in preference to another approaching under such circumstances of direction, speed, and proximity as to give rise to danger of a collision unless one grants precedence to the other. Neb. Rev. Stat. § 39-602(81) (Supp. 1979). A motorist must see what is in plain sight. *Davis v. Spindler*, 156 Neb. 276, 56 N.W.2d 107 (1952); *Caldwell v. Heckathorn*, 176 Neb. 704, 127 N.W.2d 182 (1964). A driver who fails to see another who is favored over him is guilty of negligence as a matter of law. *Bonnes v. Olson*, 197 Neb. 309, 248 N.W.2d 756 (1976); *Nichols v. McArdle*, 170 Neb. 382, 102 N.W.2d 848 (1960). However, although one in a favored position may assume, until he has warning, notice, or knowledge to the contrary, that others will use a highway lawfully, he must nonetheless keep a proper lookout and watch where he is driving. *Nichols v. McArdle, supra; Bonnes v. Olson, supra; Hayes v. Anderson Concrete Co., Inc.*, 186 Neb. 771, 186 N.W.2d

477 (1971). One does not forfeit his right-of-way by driving at an unlawful speed. *Epperson v. Utley*, 191 Neb. 413, 215 N.W.2d 864 (1974). Negligence is not presumed and the mere happening of an accident does not prove negligence. *Farro v. Rubottom*, 202 Neb. 120, 274 N.W.2d 149 (1979); *Wolcott v. Drake*, 162 Neb. 56, 75 N.W.2d 107 (1956)."

The evidence indicates that Highway 370 is a two-lane highway until it approaches the intersection of 84th Street where it broadens into a four-lane highway. The automobile in which plaintiff was riding approached the intersection, stopped for a red light, signaled an intention to turn left, and when the light changed to green it slowly started to execute the left turn. As the driver cleared the southernmost lane of the westbound lanes, in front of two motorcyclists who were waiting in the westbound lane to turn left, or south, onto 84th Street, the driver saw the defendant's westbound automobile out of the corner of his eye and the vehicles collided in the northernmost lane of westbound Highway 370. The plaintiff introduced testimony and an admission against interest that the defendant's speed was between 60 and 70 miles per hour. The admission was denied by the defendant.

Applying the evidence to the law at hand, it is clear that different minds could reasonably draw different conclusions from the evidence. The location of the accident and the evidence of the circumstances surrounding the accident indicate that the defendant was approaching the intersection and was close enough to constitute an immediate hazard. There is no evidence indicating why plaintiff's driver failed to see the defendant's vehicle approaching the intersection until immediately before the collision.

We conclude, as did the trial court, that there was a jury question as to the negligence of the defendant and, further, that there was evidence of negligence of the plaintiff's driver which should have been submitted to the jury on the issue of whether the negligence of plain-

tiff's driver was the sole proximate cause of the accident. The plaintiff's first and third assignments of error are without merit.

The court's instruction No. 5 is drawn from and is nearly identical to NJI 2.01A (1975 Pocket Part) which reads as follows: "One of the issues in this case is whether the (accident, collision, occurrence) was caused by the conduct of (name of third person not a party to suit). If you find the sole proximate cause of the (accident, collision, occurrence) was the conduct of (name of third person), then your verdict should be for the defendant.

"The burden of proof on this issue is on the plaintiff; that is, the plaintiff has the burden to prove that some negligence of defendant as set forth in Instruction _____ was the proximate cause or a proximately-contributing cause of the (accident, collision, occurrence) and that therefore the negligence of (name) was not the sole proximate cause thereof."

We said in syllabus No. 4 in *Schmidt v. Johnson*, 184 Neb. 643, 171 N.W.2d 64 (1969): "Where, in an action to recover for personal injuries, the jury is properly instructed as to the burden of proving the negligence charged against defendant as a proximate cause of the injury, the defense that the negligence of a third person not a party to the action is the sole proximate cause is not an affirmative plea in avoidance of plaintiff's cause and imposes no burden of proof upon defendant with relation thereto, but is entirely consistent with and provable under the general issue where the burden of proof remains with the plaintiff to prove the alleged negligence of the defendant." See, also, *Fynbu v. Strain*, 190 Neb. 719, 211 N.W.2d 917 (1973). The plaintiff complains that the instruction was misleading. We disagree.

No error being shown, the judgment of the trial court is affirmed.

AFFIRMED.