LEON DAVIS, APPELLANT, V. THEON PHILLIPS, APPELLEE.

337 N.W.2d 754

Filed August 12, 1983. No. 82-507.

Frank Meares, for appellant.

Robert G. Fraser and Joseph E. Jones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Leon Davis sued Theon Phillips for damages on account of a motorcycle-automobile accident. From a verdict in favor of Phillips, Davis appeals. We affirm.

The collision of the Davis motorcycle and the Phillips automobile occurred at the intersection of 24th and Pinkney Streets in Omaha shortly before 10 p.m. on July 2, 1980.

Twenty-fourth Street runs north-south and intersects Pinkney, an east-west street. At the intersection 24th Street has four lanes. The curb lanes on either side of 24th Street south of the Pinkney intersection are used for parking. At the crosswalk on the south side of the intersection there are pedestrian-operated traffic lights to assist in crossing 24th Street. Twenty-fourth Street is 43 feet 4 inches and Pinkney Street is 22 feet 4 inches. Weather conditions were not a factor in the accident. There is no evidence concerning the posted speed limit at the scene of the accident.

Theon Phillips was driving his two-door 1972 Malibu south on 24th Street and approaching the Pinkney

intersection. The traffic light at the intersection was red as Phillips approached and prepared to make a left turn to proceed east on Pinkney. Phillips stopped in the inside lane on 24th Street, that is, the lane nearest the center, and waited for a green light. Opposite Phillips was a northbound car stopped at the intersection and signaling for a left turn to proceed west on Pinkney. Phillips observed lights of other vehicles behind the left-turning vehicle. There was no traffic to the right of Phillips and no traffic northbound at the right of the left-turning vehicle opposite Phillips. After the light turned green, Phillips, signaling for a left turn, "eased" into the intersection simultaneously with the oncoming and left-turning automobile which had been stopped at the intersection.

At this time, behind the automobile turning left in front of Phillips, there were three other automobiles northbound on 24th Street. In the last northbound automobile on 24th Street was Chesley Pierce, Jr. Pierce had slowed his car to approximately 5 miles per hour as he approached the intersection and observed three cars ahead of him. The car immediately ahead of Pierce was stopped but was not signaling for any turn. At this point Leon Davis, 22 years of age, was traveling north on his 1974 Honda 550, that is, northbound on 24th Street, and approaching the intersection of Pinkney Street. According to Davis, the traffic light at the intersection was green as he approached. Approximately 40 to 50 feet south of the intersection, Davis, operating his cycle at 10 to 15 miles per hour in first, or low, gear, came up behind the Pierce automobile, moved from the center lane to the curb lane, and "kicked" the cycle into second gear. There were no cars in the curb lane. Davis was not aware that Phillips was making a left turn onto Pinkney Street and increased the speed of his cycle to 20 miles per hour after changing lanes. As Davis was accelerating his cycle, he was passing the three cars

which were stopped in the center lane behind the left-turning vehicle.

Pierce testified that all northbound traffic on 24th Street was using the inside or center lane and that, as the Davis cycle passed Pierce's automobile, it increased its speed and then collided with the Phillips vehicle in the intersection. Pierce testified that the Davis cycle was 30 to 35 feet from Pinkney at the time it pulled around Pierce's car. Also, Pierce testified that Davis tried to brake the cycle and stop before colliding with the Phillips automobile. Davis had no knowledge that Phillips was turning left at the intersection. Phillips did not see the Davis cycle until "it was up in the air over me."

Photographs of Phillips' car and Davis' cycle showed extensive property damage. Damage to the Phillips car was located generally at the right door area just behind the front wheel. The frame was bent on the Phillips automobile, which was a "total loss." The front wheel and handlebars of the Davis cycle were demolished.

The District Court instructed the jury that Phillips was guilty of negligence as a matter of law because Phillips had failed to yield the right-of-way to Davis and had failed to maintain a proper lookout. The trial court also instructed the jury concerning the particulars alleged by Phillips to be contributory negligence on the part of Davis, that is, unreasonable speed under the circumstances and a lack of control and lookout. The trial court instructed the jury regarding the effect of any contributory negligence upon a verdict, including the effect of comparative negligence of the parties. The jury returned a verdict in favor of Phillips. Davis in his appeal claims that the District Court committed error in submitting Phillips' specifications of contributory negligence, especially the question of Davis' speed; that the trial court should have directed a verdict in favor of Davis on liability; and that only the issue of damages should have been submitted to the jury.

The circumstances are sufficient in this case to require that a jury resolve the issues of reasonable speed, control, and lookout on the part of Davis. Although it is true that there was no evidence of the precise trajectory of the airborne cycle from which the jury might mathematically deduce the actual rate of speed, the fact that the forces involved in the collision transformed the motorcycle into a missile is a circumstance from which a jury could infer a high rate of speed. Whether such speed was unreasonable under the circumstances was a question for the jury. Congestion at the intersection was a circumstance indicating a likelihood that Davis might be required to reduce the speed of his cycle—even stop, if traffic using the intersection so demanded. Davis, however, increased the speed of his cycle as he pulled into the curb lane and passed the cars standing behind the left-turning automobile. Whether the speed of the Davis cycle during such maneuver was reasonable under the conditions was a question for the jury. When Davis pulled to the right, he placed a row of automobiles between himself and Phillips. This reciprocal obstruction for Davis and Phillips was, likewise, a factor for the jury regarding questions about proper speed, control, and, obviously, lookout. Davis' abortive attempt to "brake" his motorcycle had to be examined by the jury in terms of reasonable speed under the existing conditions, coupled with control and lookout. The issue of Davis' contributory negligence on account of speed, control, and lookout was submitted to the jury with proper instructions. See, *Schanaman v. Ramirez*, 206 Neb. 212, 292 N.W.2d 39 (1980); *Treffer v. Seevers*, 195 Neb. 114, 237 N.W.2d 114 (1975); *Edmunds v. Ripley*, 172 Neb. 797, 112 N.W.2d 385 (1961).

Concerning Davis' claim that a directed verdict on the liability should have been granted so that only the question of damages was submissible to the jury, the evidence has to be accepted in the light most favorable to Phillips. Controverted facts must be re-

solved in favor of Phillips, who is entitled to every reasonable inference which can be drawn from the evidence. *Treffer v. Seevers, supra.* Reasonable but different inferences or conclusions may be drawn from the evidence presented regarding the factors of speed, control, and lookout as such bear upon any question of Davis' contributory negligence. Therefore, there is no reversible error in submitting to the jury the defense of contributory negligence. In view of the comparative negligence statute, Neb. Rev. Stat. § 25-1151 (Reissue 1979), the question regarding the degrees of negligence of the litigants, i.e., gross versus slight, was a factual determination for the jury, notwithstanding that Phillips was guilty of negligence as a matter of law. See, *Hilferty v. Mickels*, 171 Neb. 246, 106 N.W.2d 40 (1960); *Schanaman v. Ramirez, supra*; *Schmidt v. Orton*, 190 Neb. 257, 207 N.W.2d 390 (1973); *Treffer v. Seevers, supra.*

The question of Davis' contributory negligence was given to the jury and answered by the verdict. There is no error and, therefore, the judgment of the District Court is affirmed.

AFFIRMED.