DAVID R. HUNTWORK, APPELLANT, V. NELLIE J. VOSS, APPELLEE.

525 N.W.2d 632

Filed January 13, 1995.   No. S-93-352.

Douglas R. Milbourn, of Milbourn, Fehringer, Kessler & Peetz, P.C., for appellant.

C.J. Gatz, of Jewell, Gatz, Collins, Fitzgerald & DeLay, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and HOWARD, D.J., Retired.

PER CURIAM.

David R. Huntwork sued Nellie J. Voss to recover for personal injuries sustained when Voss' vehicle struck Huntwork's left-turning vehicle as Voss was passing another vehicle and then Huntwork's vehicle on a rural county road. The district court for Pierce County awarded summary judgment in favor of Voss and ordered Huntwork's petition dismissed. Huntwork appeals.

We reverse the district court's order of summary judgment and remand the cause for trial.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such a party the benefit of all reasonable inferences deducible from the evidence. *Omega Chemical Co. v. Rogers*, 246 Neb. 935, 524 N.W.2d 330 (1994); *LaBenz Trucking v. Snyder*, 246 Neb. 468, 519 N.W.2d 259 (1994). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id*.

## FACTS

Viewing the evidence in the light most favorable to Huntwork and giving Huntwork the benefit of all reasonable inferences deducible from the pleadings and the depositions entered into evidence, we find that the facts of this case are as follows:

On July 13, 1989, at approximately 2:30 p.m., Huntwork was proceeding southbound on a rural two-lane blacktop county road. He was driving his 1977 Plymouth Volare station wagon, and his wife and three children were in the vehicle with him. Following Huntwork were a pickup, a brown car, and the Voss vehicle, a 1986 Chevrolet Cavalier. The day was clear and sunny. The road was flat and in good condition.

Huntwork slowed, preparing to turn left into a private

driveway, and began to signal his intention 150 feet before the turn. At that time, Huntwork checked his rearview mirror and noted the pickup approximately 50 to 70 feet behind him. He saw no other vehicles at that time. Huntwork then checked his side mirror and saw a brown vehicle coming past him at a "high rate of speed." Huntwork continued to slow and waited as the brown car passed.

Upon reaching the driveway, Huntwork rechecked his inside rearview mirror and then his left side mirror to verify that the pickup was continuing to honor his turn signal and that there was no northbound or southbound traffic before beginning to execute the left turn. Huntwork testified in his deposition that there was "no car of any kind" coming up behind him and that he then began to execute his turn at a speed he estimated at 5 to 10 m.p.h.

As Huntwork turned, Voss' vehicle struck the left front wheel area of Huntwork's vehicle as Voss attempted to pass the pickup and Huntwork. The impact of the collision impelled Huntwork's vehicle southward down the road where it came to rest on the left shoulder. The Voss vehicle spun and came to rest facing the opposite direction, that is, northward, in the road. The Voss vehicle received damage to a fender and the front end, and Huntwork's vehicle was declared a total loss.

Huntwork sued Voss for negligence to recover for personal injuries to himself and his daughter. In her answer, Voss affirmatively alleged that Huntwork was contributorily negligent sufficient to bar his recovery.

In her deposition entered into evidence in support of her summary judgment motion, Voss claimed that the three vehicles ahead of her were "parked" when she came upon them and that after stopping on the highway, she followed the brown car in an attempt to pass the pickup and the Huntwork vehicle. In a recorded telephone statement made to Huntwork's attorney, a transcribed copy of which was included as an exhibit to Voss' deposition, Voss claimed that she was traveling at no more than 5 to 10 m.p.h. while attempting to pass. Voss stated in her deposition that she was unable to see whether Huntwork's turn signals were on.

The trial court entered summary judgment in favor of Voss

on the basis that Huntwork was contributorily negligent as a matter of law for failing to see Voss prior to making the left-hand turn, and dismissed Huntwork's petition. Huntwork timely appealed to the Nebraska Court of Appeals. The case was removed from the Court of Appeals to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Summarized and restated, Huntwork claims that the district court erred in awarding summary judgment in favor of Voss and dismissing Huntwork's petition because (1) it erroneously found Huntwork to be contributorily negligent as a matter of law even though he had met the standard of care imposed upon left-turning motorists and (2) it erroneously drew the inference that Voss was free of negligently exceeding the statutory speed limit.

## ANALYSIS

We first turn to the issue of Huntwork's contributory negligence.

This court has long recognized the danger inherent in left-hand turns.

> The most dangerous movement on public streets or highways is the left-hand turn. While the left-hand turn at intersections is within the purview of this statement, *the left-hand turn across a favored public highway between intersections is a particularly dangerous one*. Legislatures have seen fit to regulate such movements and courts have required a degree of care commensurate with the danger.

(Emphasis supplied.) *Petersen v. Schneider*, 153 Neb. 815, 819, 46 N.W.2d 355, 358 (1951), *modified* 154 Neb. 303, 47 N.W.2d 863.

Accordingly, a left-turning motorist such as Huntwork has certain statutorily imposed duties, as well as the duties imposed by the common law. A left-turning motorist has the duty to continuously signal his or her intention to turn left during not less than the last 100 feet before turning. See Neb. Rev. Stat. § 60-6,161 (Reissue 1993).

A left-turning motorist also has the duty not to turn unless and until the movement can be made with reasonable safety. *Id.*

This court has held, under the predecessor to § 60-6,161, that "the giving of the statutory signal is not enough, one must exercise reasonable care under all the circumstances." *Petersen v. Schneider*, 153 Neb. at 819, 46 N.W.2d at 358. Accord *Rowedder v. Rose*, 188 Neb. 664, 199 N.W.2d 18. (1972).

The exercise of reasonable care includes the requirement that a left-turning motorist maintain a proper lookout by looking both to the front and to the rear before executing a left turn between intersections. See *Petersen v. Schneider, supra.* "One must look at a time when possible danger could be observed. The observations must be made immediately before the impending movement; otherwise . . . the observation would be completely ineffective for the accomplishment of the purpose intended." 153 Neb. at 820, 46 N.W.2d at 358-59. The failure to look at a time when looking would have been effective is negligence as a matter of law. *Circo v. Transit Auth. of City of Omaha*, 217 Neb. 497, 348 N.W.2d 908 (1984). Furthermore, a motorist must see what is in plain sight. *Burrows v. Jacobsen*, 209 Neb. 778, 311 N.W.2d 880 (1981); *Schanaman v. Ramirez*, 206 Neb. 212, 292 N.W.2d 39 (1980).

The evidence in this case is uncontroverted that Huntwork signaled his intention to turn left for the statutorily required distance. We must also accept as true that Huntwork checked repeatedly for traffic approaching from the rear, including immediately prior to executing his turn, and saw none. Moreover, giving Huntwork the benefit of all favorable inferences, we may properly infer that although Huntwork checked both his inside and outside rearview mirrors repeatedly, including immediately prior to his turn, Voss' vehicle could not be seen by Huntwork because it was obscured from Huntwork's vision behind the pickup.

Notwithstanding Voss' claim that she was traveling 5 to 10 m.p.h. when she collided with Huntwork's vehicle, it is apparent that she passed first the pickup and then Huntwork at a relatively high rate of speed. This inference is supported by the positions of the vehicles following the impact, including the fact that the Voss vehicle spun 180 degrees in the roadway. See *Flory v. Holtz*, 176 Neb. 531, 126 N.W.2d 686 (1964) (stating that, among other things, distance traveled after impact and

force of impact constitute pertinent evidence in arriving at an estimate of the rate of speed of an automobile).

This court has held that the following rule governs the negligence of left-turning motorists between intersections:

> Where the driver of a vehicle turning across a street or highway between intersections fails to look at all at a time and place where to look would be effective, or looks and negligently fails to see that which is plainly in sight, or is in a position where he cannot see, a question for the court is usually presented. *Where he looks but does not see an approaching automobile because of unusual conditions or circumstances*, or sees the approaching vehicle and erroneously misjudges its speed or distance, or for some reason assumes he could safely complete the movement, the question is usually one for the jury.

(Emphasis supplied.) *Petersen v. Schneider*, 153 Neb. at 822, 46 N.W.2d at 359-60.

We find that Voss' pulling out from behind the pickup, a place where she had been obscured from Huntwork's vision, at a relatively high rate of speed is a sufficiently unusual circumstance to create a question for the jury as to whether Huntwork was contributorily negligent for failing to see Voss' vehicle when he looked. Therefore, it was error for the district court to find Huntwork contributorily negligent as a matter of law and to enter summary judgment for Voss on that basis.

Turning now to the issue of whether Voss negligently exceeded the statutory speed limit, we judicially notice that the statutory speed limit on a hard-surfaced county road is 55 m.p.h. See Neb. Rev. Stat. § 60-6,186(1)(c) (Reissue 1993). However, the statutory speed limit does not control the issue of whether Voss was proceeding at a negligent rate of speed.

The statute does not confer upon Voss the right to proceed at 55 m.p.h. in any and all situations. "[T]he speed of an automobile is excessive if it is found to be unreasonable or imprudent under the existing circumstances, even though it may not exceed the applicable statutory limits." *Hacker v. Perez*, 187 Neb. 485, 487, 192 N.W.2d 166, 168 (1971). "[A] motorist overtaking and passing another car must exercise vigilance commensurate with the surrounding conditions." *Schwartz v.*

*Hibdon,* 174 Neb. 129, 138, 116 N.W.2d 187, 193 (1962).

Thus, the issue is not whether Voss complied with the statutory speed limit, but whether her speed in passing two vehicles, one of which was signaling a left turn, was reasonable under the circumstances. This is a question of fact for the jury, and it was error for the district court to find as a matter of law that Voss was free of negligence on the basis that there was no evidence that she was exceeding the statutory speed limit.

Therefore, we reverse the order of the district court granting summary judgment in favor of Voss and remand the cause for trial, whereupon the comparative negligence of Huntwork and Voss may properly be determined pursuant to the comparative negligence statute in existence at the time Huntwork's cause of action accrued. See Neb. Rev. Stat. § 25-21,185 (Cum. Supp. 1994) (stating that for all actions accruing prior to February 8, 1992, "the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence . . . of the defendant was gross in comparison . . .").

## CONCLUSION

Having found, after giving Huntwork the benefit of all favorable inferences, that Voss is not entitled to judgment as a matter of law, we reverse the district court's order of summary judgment and remand the cause for trial.

REVERSED AND REMANDED.

HOWARD, D.J., Retired, dissenting.

The question is whether there is fit evidence of an unusual circumstance which, if believed by a jury, would exempt plaintiff from the rigors of *Petersen v. Schneider,* 153 Neb. 815, 46 N.W.2d 355 (1951), *modified* 154 Neb. 303, 47 N.W.2d 863, which bars the left-turner's recovery when he fails to look at a time when it would be effective to do so or negligently fails to see that which is in plain sight. I respectfully dissent because in my view, the majority opinion supplies the glaring deficiency in such evidence of an unusual circumstance with the same speculation it would deny to a jury.

The opinion elevates plaintiff's failure to see defendant's passing car until he turns into it to the status of evidence that

defendant's car was concealed. That may be a proper inference for the time that defendant's car was wholly out of the passing lane. But there is nothing unusual about that. The leap into speculation is the unstated but necessary premise of the opinion that defendant's vehicle was hidden from view as plaintiff began his turn and at the same time was approaching at a high rate of speed so as to disable the effectiveness of plaintiff's lookout, if any. Two elements are necessary to construct this scenario: first, that defendant's vehicle was close behind the pickup, and second, that it suddenly pulled out at a high rate of speed. There was no evidence whatever that defendant lurked close behind the pickup. The only evidence is that in normal fashion, defendant moved into the passing lane, as did the brown car in passing. Nor is there any evidence of excessive speed on the paved road carrying a 55-mile-per-hour speed limit. And, of course, the two elements of suddenly pulling out from close behind the pickup and attaining excessive speed are contradictory.

The majority opinion ignores the fact that when defendant's vehicle moved into the passing lane in normal fashion, it was in plain sight. Plaintiff never saw defendant's vehicle until he struck its right front corner with the left front corner of his own vehicle. Had he looked before making the turn, he would have seen the car attempting to pass. As plaintiff stated, the car "seemed to come from nowhere." But it did not come from nowhere; it came in the normal passing situation, for all that the actual evidence shows, not in a train of unusual circumstances. Assuming any negligence on the part of defendant, the trial judge, in fashioning instructions, will now have the unenviable task of reconciling the facts of the case with the speculation bestowed upon him here.

HASTINGS, C.J., joins in this dissent.