R.H. MELICK, PERSONAL REPRESENTATIVE OF THE ESTATE OF
ELVERA LAURSEN, DECEASED, APPELLANT, V.
PETE R. SCHMIDT AND UNITED MATERIALS INCORPORATED,
A NEBRASKA CORPORATION, APPELLEES.
TRAVIS LEISY, APPELLANT, V. PETE R. SCHMIDT AND
UNITED MATERIALS INCORPORATED, A NEBRASKA CORPORATION,
APPELLEES.
BECKY LEISY, APPELLANT, V. PETE R. SCHMIDT AND
UNITED MATERIALS INCORPORATED, A NEBRASKA CORPORATION,
APPELLEES.
557 N.W.2d 645

Filed January 3, 1997.   Nos. S-94-1173, S-94-1174, S-94-1175.

Terry Curtiss, of Curtiss, Moravek & Curtiss, P.C., for appellants.

James L. Zimmerman, of Sorensen & Zimmerman, P.C., and Stacy C. Nossaman-Petitt, of Nossaman Petitt Law Firm, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Plaintiffs, Travis Leisy, Becky Leisy, and R.H. Melick, the personal representative of the estate of Elvera Laursen, appeal the granting by the Box Butte County District Court of motions for summary judgment in favor of defendants, Pete R. Schmidt and United Materials Incorporated.

In these consolidated proceedings, plaintiffs seek damages sustained in a July 24, 1990, motor vehicle accident. The accident occurred on a highway north of Alliance, Nebraska, and involved a tractor pulling a baler, driven by Travis Leisy, and a semi-trailer truck hauling gravel, driven by Schmidt. Travis

Leisy's tractor was attempting a left turn into a driveway at the Laursen farmstead when it was struck from behind by the semi-trailer truck, which was attempting to pass. Actions were filed by Travis Leisy for personal injuries; by Becky Leisy, the mother of Travis Leisy and the owner of the baler, which was destroyed in the accident; and by Melick, as personal representative of the estate of Elvera Laursen, the owner of the tractor, which was also destroyed in the accident. Elvera Laursen, who was Travis Leisy's grandmother, died after the accident, but before suit was filed for the damages.

Defendants were Schmidt and United Materials, the owner of the semi-trailer truck and employer of Schmidt. Defendants deposed Travis Leisy and moved for summary judgment, arguing that Travis Leisy had demonstrated contributory negligence to a degree greater than slight and was therefore barred from recovery as a matter of law. Defendants further asserted that Travis Leisy's contributory negligence was imputed to the other plaintiffs and also barred them from recovery. The trial court granted the motions. Plaintiffs appealed, alleging that the trial court erred in finding Travis Leisy guilty of contributory negligence greater than slight as a matter of law for turning his vehicle left after duly signaling the turn and checking for traffic to the rear; in finding that Travis Leisy should not have turned left without first pulling his tractor off the road and turning the tractor to get a safe view of the road behind him; in finding that Travis Leisy was the proximate cause of the accident; in finding that there was no genuine issue of material fact given the circumstances of the accident and the inferences drawn from them when considered in the light most favorable to plaintiffs; in imputing the negligence, if such existed, of Travis Leisy to Elvera Laursen, now deceased, since the evidence completely failed to demonstrate an agency relationship, family purpose relationship, or joint venture arrangement. We removed the causes from the Court of Appeals docket pursuant to our power to regulate the dockets of the appellate courts. We reverse the trial court's judgments and remand the causes for a new trial.

## BACKGROUND

Travis Leisy, in his deposition and in his affidavit in opposition to defendants' motions for summary judgment, stated that

on July 24, 1990, he was driving an International 1086 tractor that belonged to Elvera Laursen, pulling an International 8460 round baler that belonged to Becky Leisy north on Highway 385 about 3½ miles north of Alliance. He had just completed a custom-baling job and was returning to the Laursen farm. Travis Leisy was paid a percentage of the work actually done in such situations. He was driving the tractor with its signal flashers on, and the baler had a slow-moving-vehicle sign on its rear. Travis Leisy was in the northbound lane on the east side of Highway 385 with the tractor and baler "as far on to the shoulder as [he] could get." Just prior to the turn-in to the Laursen farm, Highway 385 descends into a valley. The turn-in to the Laursen farm is at the crest of the hill ascending out of the valley. Past the turn-in to the Laursen farm, the ground is flat for approximately 2 miles. There is no turnoff of any kind to the right ascending the hill or at the crest of the hill. Travis Leisy stated, "The hill is not marked with a no-passing zone, but should be." Travis Leisy stated that he normally travels on the right shoulder in that area "because people pass the slow moving machinery [he] operate[s] . . . without being able to see the oncoming south bound traffic at and over the crest of the hill."

As Travis Leisy neared the turn-in to the Laursen farm, which was to the west of Highway 385 (a left-hand turn), he turned on the signal for a left-hand turn. He stated that he checked the turn signals before he left the field the day of the accident.

Travis Leisy stated that he checked for traffic behind him as he started his turn. He stated that he saw a small red car behind him and halted his turn to let the car pass. The car then passed him. He did not see any other vehicles, but is unable to recall if he looked to the rear before he started for the second time to make the left-hand turn.

Travis Leisy then began to turn left into the driveway of the Laursen farm. A truck driven by Schmidt, and owned by United Materials, struck the baler and the left rear wheel of the tractor when the front of the tractor crossed onto the west (left) shoulder of the turn-in.

The first time Travis Leisy remembers seeing the truck was when it was about a foot away from hitting him. He does not

recollect the collision; after seeing the front of the truck, his next recollection was of being placed in an ambulance. Travis Leisy stated that the slope of the hill and the baler blocked his vision of the truck coming up the hill. On flat ground, the baler would not have blocked the vision of a semi-trailer truck behind him in his lane.

The trial court examined Travis Leisy's deposition and his affidavit in opposition to the motions for summary judgment to determine if, under the holding of *Petersen v. Schneider*, 153 Neb. 815, 46 N.W.2d 355 (1951), *modified* 154 Neb. 303, 47 N.W.2d 863, Travis Leisy had failed, as a matter of law, to exercise reasonable care for his own safety and that of others by failing to look to the front and rear prior to turning. The court granted defendants' motions for summary judgment as to all of the plaintiffs. It found that Travis Leisy's deposition demonstrated that he did not look to the rear before he made his turn and that if he did so, he looked in a negligent manner. The court stated that Travis Leisy should have pulled off the road and turned his tractor to get a safe view of the road behind him before turning. The court found that Travis Leisy was the proximate cause of the accident and that his failure to see the truck before turning amounted to negligence as a matter of law.

The court also found that Travis Leisy was in the employ of Becky Leisy and that he was in the scope and course of his employment at the time of the accident. The court stated that Travis Leisy's negligence was imputed to Becky Leisy and that there was no genuine issue of material fact in that regard, so that summary judgment as to Becky Leisy was also required.

Finally, the court found as to the estate of Elvera Laursen that Travis Leisy was employed by Richard Laursen, the son of Elvera Laursen; that Richard Laursen was farming Elvera Laursen's farm; and that the tractor, which was owned by Elvera Laursen, was used in the farming operation. Therefore, Travis Leisy was Elvera Laursen's agent, and his negligence was imputed to her and her estate. Again, based on this imputed contributory negligence, the court found that there was no genuine issue of material fact and granted defendants' motions as a matter of law.

## ASSIGNMENTS OF ERROR

In their briefs, all of the plaintiffs assigned the following as errors:

1. The District Court erred in finding Plaintiff Travis Leisy guilty of contributory negligence greater than slight as a matter of law for turning his vehicle left after duly signaling the turn and checking for traffic to the rear.

2. The District Court erred in finding that Plaintiff [Travis Leisy] should have not turned left without first pulling his tractor off the road and turning his tractor to get a safe view of the road behind him.

3. The District Court erred in finding that Travis Leisy was the proximate cause of the accident.

4. In granting Defendants' Motion[s] for Summary Judgment the District Court erred in finding there was no genuine issue of material fact given the circumstances of the accident and the inferences drawn from them when considered in the light most favorable to the Plaintiff[s].

Additionally, the personal representative of the estate of Elvera Laursen assigned the following as error:

5. The District Court erred in imputing the negligence, if such existed, of Travis Leisy to Elvera Laursen, now deceased, as the evidence completely failed to demonstrate an agency relationship, family purpose relationship or joint venture arrangement.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Harrison v. Seagroves*, 250 Neb. 495, 549 N.W.2d 644 (1996); *Lockard v. Nebraska Pub. Power Dist.*, 249 Neb. 971, 546 N.W.2d 824 (1996).

## ANALYSIS

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of

material fact exists. *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Lockard v. Nebraska Pub. Power Dist., supra.*

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Kocsis v. Harrison, supra.* A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence were uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813 (1996). The opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996).

In the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial to prove the allegations contained in his or her petition. *Roubideaux v. Davenport*, 247 Neb. 746, 530 N.W.2d 232 (1995).

Applying these standards to the facts of this case, we conclude that genuine issues of material fact exist as to the existence of both Travis Leisy's and Schmidt's negligence and the degree of negligence in comparison.

The statute applicable to this cause of action is Neb. Rev. Stat. § 25-21,185 (Reissue 1995), which provides that in a cause of action for negligence accruing before February 8, 1992, the plaintiff's negligence will not bar recovery if his or her negligence is only slight and the defendant's negligence is gross in comparison.

Therefore, in order for defendants to be entitled to summary judgment in this case, they have the burden of proving, under

the facts viewed most favorably to plaintiffs, that (1) Travis Leisy's contributory negligence was more than slight as a matter of law or (2) Schmidt's negligence was not gross in comparison to Travis Leisy's negligence as a matter of law. See *Harrison v. Seagroves, supra.* If reasonable minds might draw different conclusions from the facts thus resolved, the issues of negligence and contributory negligence are for the jury. *Parmenter v. Johnson*, 213 Neb. 725, 331 N.W.2d 263 (1983). We find that several different conclusions can be drawn from the evidence presented in this case.

Regarding Travis Leisy's alleged negligence, he testified that he is not certain whether, after the small red car passed him, he checked to the rear for other vehicles. Yet, he also stated that he saw no other traffic after the small red car passed him. This court has held that a left-turning motorist has the duty not to turn unless and until the movement can be made with reasonable safety. *Huntwork v. Voss*, 247 Neb. 184, 525 N.W.2d 632 (1995). One turning left must exercise reasonable care under all of the circumstances. *Id.*

> The exercise of reasonable care includes the requirement that a left-turning motorist maintain a proper lookout by looking both to the front and to the rear before executing a left turn between intersections. [Citation omitted.] ". . . The observations must be made immediately before the impending movement; otherwise . . . the observation would be completely ineffective for the accomplishment of the purpose intended."

*Id.* at 188, 525 N.W.2d at 635.

If a driver who is turning left across a highway fails to look at a time when looking would be effective, he or she is negligent as a matter of law. See *id.* However, if the driver looks but does not see an approaching automobile because of unusual conditions or circumstances, the question of the driver's negligence is usually one for the jury. See *id.*

Travis Leisy testified that he looked to his rear and saw a small red car attempting to pass and that he saw no traffic after the small red car. He also testified that he was turning left at the crest of a hill ascending from a valley, a hill which could obstruct his view of traffic approaching in the same lane from

the rear. Finally, he testified that his tractor had reached the other side of the highway and was struck in the rear by the semi-trailer truck.

We find that reasonable minds could draw different conclusions from this evidence. For example, one could conclude that Travis Leisy failed to look when it would have been effective to do so. On the other hand, one could conclude that Travis Leisy's failure to see the truck approaching was due to the obstructed view and that the truck pulled out to pass at the last second.

Defendants' motions for summary judgment, arguing that Travis Leisy demonstrated contributory negligence to a degree greater than slight and was therefore barred from recovery as a matter of law, were incorrectly granted. In so ruling, we need not reach defendants' further assertion that the contributory negligence was imputed to the other plaintiffs and also barred them from recovery.

## CONCLUSION

In conclusion, we find that the evidence in this case is such that reasonable minds could draw different conclusions and inferences from the evidence as to the negligence of Schmidt and the contributory negligence of Travis Leisy, and as to the degree thereof, when each is compared with the other. In such a case, the issue must be submitted to the jury. See, *Harrison v. Seagroves*, 250 Neb. 495, 549 N.W.2d 644 (1996); *Schmidt v. Orton*, 190 Neb. 257, 207 N.W.2d 390 (1973).

For the reasons stated above, we reverse the district court's judgments and remand the causes for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.